## CONBOY v. IOWA CITY.

Section thirteen of the act entitled "An act to incorporate Iowa City," approved January 24, 1853, which provides that appeals to the District Court in the same county, shall be allowed from the judgments and decisions of the mayor, in the same cases, time and manner, as may at any time be allowed by law from those of other justices, and they shall be tried as in other cases, is not restrictive, but confers a general right of appeal.

Appeals from the judgments of the mayor of Iowa City, may be taken by any person aggrieved; but, in similar cases, they must be taken in the same time, and in the same manner, as appeals are taken from a justice of the peace.

Section twelve of the same act, which confers on the mayor of Iowa City, exclusive *original* jurisdiction for the violation of the ordinances of the city, implies that that officer is not to have *exclusive* jurisdiction or final jurisdiction, but that a review of his proceedings by the District Court is contemplated.

The mayor of Iowa City is authorized to take judicial notice, *ex officio*, of the city ordinances.

Conboy v. Iowa City.

Under section nineteen of the charter of Iowa City (Laws of 1853, 99), which provides that the city ordinances shall also be recorded in a book to be kept for that purpose, and signed by the mayor, and attested by the recorder, the signature of the mayor to the copy of record, is not essential to the taking effect of an ordinance.

So much of section nineteen as requires the city ordinances to be signed by the mayor, attested by the recorder, and before they take effect, to be published in one or more newspapers published in the city, at least ten days; and if there be no such paper, they shall be posted up in each ward the same length of time, are essential to the ordinances taking effect; but those requirements following these provisions, relate to the preservation of the ordinances, and are simply directory.

*Appeal from the Johnson District Court.*

THIS was an action brought by Iowa City against Peter Conboy, claiming of him $100, and charging that the said defendant, on the first day of December, 1854, did keep a billiard table within the corporate limits of Iowa City, where games of skill or chance were played, without first having obtained a license so to do, contrary to the form of the ordinance in such case made and provided, and against the peace and dignity of the said Iowa City, whereby an action hath accrued to said city, to have and recover of said defendant the said sum of one hundred dollars. The second section of the ordinance, under which this suit was brought, is as follows: "If any person shall set up, establish, keep, or continue any billiard table, ball or ten pin alley, or other table or alley, where games of skill or chance shall be played, within the limits of Iowa City, without first having obtained a license so to do, every person so offending shall forfeit and pay to the city of Iowa City, the sum of one hundred dollars, which may be recovered by civil action in the name of the city, or complaint before the mayor, as in criminal prosecutions before a justice of the peace."

To the petition, defendant answered as follows: 1. "That an action hath not accrued to the said plaintiff, in manner and form as set forth in said petition, because he says, there is not, and never was, any ordinance of Iowa City in force, nor is there any ordinance now in force, whereby the said

defendant is liable to pay the said Iowa City one hundred dollars, or any less sum, for keeping a billiard table, on which games of skill or chance are played, within the corporate limits of Iowa City aforesaid; he therefore prays judgment.

" 2. And for further answer, the defendant says, that he specifically denies that he is indebted to said plaintiff in the sum of one hundred dollars, or in any less sum whatever, as alleged in plaintiff's petition; and this defendant positively denies, that on the first day of December, 1854, he did keep a billiard table, where games of skill and chance were played, or at any other time previous to said first day of December, 1854, within the corporate limits of Iowa City, without having first obtained a license so to do, or in any other manner whatever.

" 3. And this defendant denies that it is contrary to any ordinance of Iowa City, to keep a billiard table, on which games of skill or chance are played, within the corporate limits of Iowa City, without first having obtained a license so to do; he therefore prays judgment, and for his costs."

To the first and third paragraphs of this answer, the plaintiff demurred, for the reason, that those portions of the answer show no substantial cause of defence. This demurrer was sustained by the mayor. The defendant refused to amend, and the parties went to trial on the issue joined, and the court, after hearing the evidence, found for the plaintiff, and rendered judgment against the defendant for the sum of $100 and costs. From this judgment, the defendant sued out a writ of error; the affidavit for which, among other things, recites: " The court thereupon proceeded to try said cause upon the issue joined, this affiant objecting that there was no ordinance of Iowa City in force, at the time of the commencement of this suit, whereby he became liable in manner and form as alleged in said petition, having produced the ordinances of said city in proof thereof, and showing that the ordinance on which plaintiff relied for a recovery, had never been signed by the mayor of Iowa City, as by the charter of said city, in such case made and

provided, and that the same was not in force.  In his return to the writ of error, the mayor, in reply to the foregoing portion of the affidavit, states, " that while the cause was being heard on the evidence, the said defendant *did not* object that there was no ordinance of Iowa City in force at the time of the commencement of the suit, whereby he became · liable in manner and form as alleged in said petition ; nor did the said defendant, on the hearing of said cause, offer the said ordinances of said city in evidence, in proof that the ordi· nance was not in force, and showing that the ordinance on which the plaintiff relied for a recovery, had never been signed by the mayor of Iowa City, as is alleged in the affi· davit, of the said Peter Conboy.  It is admitted that the *record* of the ordinance had not been signed by the mayor, although it is claimed, that the original draft was properly attested.  The errors assigned in the affidavit for the writ of error, are as follows :

1. The court erred in overruling the demurrer of affiant to amended petition of plaintiff.

2. In sustaining the demurrer of plaintiff to first and last paragraphs of answer of affiant.

3. In rendering judgment against affiant, without any warrant of law, and contrary to the ordinance of said Iowa City, and the laws of the land.

4. In rendering judgment against affiant, when there was no ordinance of said city in force, authorizing said proceeding.

On the hearing in the District Court, the judgment of the mayor was reversed, and judgment rendered for costs against the city.  The city appeals to this court, and assigns the following as error :

1. The court erred in reversing the judgment of the mayor.

2. In not quashing the writ of error.

3. The court had no jurisdiction of appeals or writs of error from the judgment and decisions of the mayor of Iowa City under the city ordinances.

*W. Penn. Clarke* (city attorney), for the appellant.

*J. D. Templin,* for the appellee.

ISBELL, J.—The first question in the proper order of considering this case, is that raised by the third assignment of error, namely : " The District Court *had* no jurisdiction of appeals or writ of error from the judgment or decision of the mayor of Iowa City under the city ordinances." From the fact that by the charter of the city (Laws of 1853, 101, § 12), the mayor is vested with *exclusive original jurisdiction, for the violation of the ordinances of the city,* and by section 13, appeals are allowed from the judgment and decisions of the mayor to the District Court, in the *same cases,* time and manner as may at any time be allowed by law from those of other justices, it is contended, that in those cases where the mayor has exclusive original jurisdiction, there is no appeal.   Stress is laid upon the words *same cases,* and it is claimed that the judgment in no other cases than those which may be tried by other justices than the mayor, may be appealed from.   We do not, however, conclude that this was the intention of the legislature.   The giving to the mayor exclusive *original* jurisdiction, implies that he is not to have- exclusive jurisdiction, or final jurisdiction, but that .a review is contemplated.   If so, of consequence, by the District Court.   In the case of *The City of Dubuque* v. *Rebman,* 1 Iowa, 444, this question was substantially considered ; and it was held, that notwithstanding an appeal was not expressly given, an appeal lay from the judgment of a justice for a violation of a city ordinance.   The language of the charter, section 13, " Appeals to the District Court in the same county, shall be allowed from the judgments and decisions of the mayor, in the same cases, time and manner, as may at any time be allowed by law from those of other justices, and they shall be tried as other cases," we do not regard as restrictive, but as intending to confer a general right of appeal. At present, any person aggrieved by the final judgment of a justice, may appeal (Code, § 2328), in a civil case, within twenty days, by filing a bond, &c.; but in case of a misdemeanor, this right is restricted.   As the law now stands, we

understand the charter to mean, that appeals from the final judgment of the mayor, may be taken by any person aggrieved, but in similar cases they must be taken in the same time, and in the same manner, as from a justice. We conclude that the plaintiff can take nothing by the third assignment. The first error assigned in the affidavit for the writ of error to the mayor, is, that the court erred in overruling the demurrer to the amended petition. There is nothing in the record showing the ground of this demurrer, and therefore the District Court, or this court, would not be justified in disturbing the judgment of the mayor, on that account.

The other errors assigned in the affidavit, resolve themselves into the question, did the mayor err in sustaining plaintiff's demurrer to the first and last clauses of defendant's answer? These clauses are substantially, that there was no ordinance in force whereby defendant was liable; in effect, denying the existence of the ordinance. We hold that the mayor was authorized to take judicial notice, *ex officio*, of the city ordinances. The presumption on this question, as others, is in favor of the correctness of his decision. If he erred, the party wishing to bring his decision in review, should have the grounds of his ruling so put upon the record, as to show the error. There is nothing of record, to repel the presumption of the correctness of the decision of the mayor in this particular. But from the admissions of the plaintiff, and the whole tenor of the record, we conclude that the ruling of the District Court, was based upon the idea that the ordinance under which the suit was brought, had not taken effect. It is admitted, that the *recorded copy* of the ordinance had not been signed by the mayor. This admission shows, that the original draft of the ordinance after its passage, was *signed by the mayor*, and attested by the recorder, and published for ten days or more, in the Iowa Capital Reporter, a newspaper published in the city. The ordinance had been also recorded in a book kept for the purpose of recording ordinances, and attested by the recorder, *but not signed by the mayor*. And the question is,

was the signature of the mayor to the *recorded copy*, essential to the taking effect of the ordinance?

The language of the charter is as follows: "Ordinances passed by the city council, shall be signed by the mayor, attested by the recorder, and before they take effect, be published in one or more newspapers, published in the city, at least ten days; and if there be no such newspaper, they shall be posted up in each ward the same length of time. They shall also be recorded in a book to be kept for that purpose, and signed by the mayor, and attested by the recorder." The requirements of this section, preceding the period, relate to the publication of ordinances, and are essential to their taking effect. But those following, relate to the preservation of the ordinances, and we are inclined to hold that they are simply *directory;* and that the signature of the mayor to the copy of record, was not essential to the taking effect of the ordinance. We hold, therefore, that the court erred in reversing the decision of the mayor.

                    Judgment reversed and cause remanded.