THE STATE OF IOWA, for the use of THE CITY OF DUBUQUE v. LEIBER.

1. DUBUQUE MARKETS. The ordinance of the City of Dubuque, entitled "an ordinance to regulate the sale and occupation of the stalls in the Central and First Ward Markets" is not inconsistent with the powers granted by section 7 of an "act for revising and consolidating the laws incorporating the City of Dubuque and to establish a City Court therein."

The State of Iowa, for the use of The City of Dubuque v. Leiber.

2. JUDICIAL NOTICE. The City Court of Dubuque may properly take Judicial notice of the ordinances of said city.
3. ORAL INSTRUCTIONS. That the court instructed the jury orally is not sufficient cause for the reversal of a judgment rendered in proceedings commenced under the Code of 1851.

*Appeal from Dubuque City Court.*

THURSDAY, APRIL 11.

An information was filed against defendant for a violation of an ordinance of the City of Dubuque, entitled "An ordinance to regulate the sale and occupancy of stalls in the Central and First Ward market;" which among other things, provided "that any person who shall use or occupy any stall in the Central or First Ward market for the purpose of selling meat, poultry, fish or any other article of provision without authorty expressed in a lease duly signed and attested, shall forfeit and pay on conviction, a fine not less then five or more than twenty dollars, &c.

The defendant occupying one of the stalls for the purposes aforesaid, without any authority expressed in a lease, was on trial duly convicted and fined fifteen dollars and costs, from which judgment he appeals.

*Wilson, Utley & Doud* for the appellant.

*O'Niel & Harvey* for the appellee.

LOWE, C. J.—Most of the points which call for any distinct notice from this court resolve themselves into the question whether the common council of the City of Dubuque had the power under their charter to pass such an ordinance. Of this we have no doubt. We think it clearly derivable from clauses 15, 16, 20 and 27 of section 7 of an "act for revising and consolidating the laws incorporating the City of Dubuque, and to establish a City Court therein." It is unnecessary to add any thing to what has already been said bearing upon

this question in the case of *The City of Davenport* v. *Kelley*, 7 Iowa 102.

One or two other collateral question were raised to the effect that the ordinance was not proved, and that the court charged the jury orally. With regard to the first, it was competent for the City Court of Dubuque to take judicial notice of this ordinance without proof. As to the latter, the proceedings were commenced under the old Code; and in addition to this we are satisfied the defendant suffered no prejudice from the same.

Affirmed.