THE TOWN OF LAPORTE CITY v. GOODFELLOW.

1. **Pleading:** EVIDENCE: JUDICIAL NOTICE. The rule that the mayor of a city or incorporated town may properly take judicial notice of the ordinances thereof was not changed or modified by section 506 of the Code.

*Appeal from Black Hawk District Court.*

SATURDAY, DECEMBER 15.

ON the 23d day of August, 1876, there was filed before J. Wasson, Mayor of the town of Laporte City, a duly incorporated town in Black Hawk county, an information, duly sworn to by one A. Cotton, as follows:

"The defendant is accused of the crime of misdemeanor, for that, on the 22d day of August, 1876, at the town of Laporte City, Black Hawk county, Iowa, he did willfully and wrong-

fully make use of loud, violent, profane and offensive language, to the disturbance and annoyance of the citizens of said town and against the peace and quiet of said town in violation of the ordinances thereof in such cases made and provided."

The defendant was tried before the mayor, convicted and sentenced to pay a fine of $10 and costs, taxed at $19.15. From this judgment defendant appealed to the District Court. The cause coming on for trial in the District Court, the defendant filed a motion to quash the proceedings and discharge the defendant, because: "*First.* The information fails to show that the town of Laporte City is a municipal corporation. *Second.* Said information fails to show the passage of any ordinance or by-law by plaintiff making the acts therein charged punishable by fine or otherwise." The court overruled this motion and defendant excepted. Afterward defendant, upon leave granted by the court, withdrew his plea of not guilty and demurred to the information on the following ground: "Said information fails to show the passage of any ordinance or by-law making the acts therein charged punishable by fine or otherwise." The court overruled this demurrer and the defendant excepted. The cause was tried by a jury and a verdict was rendered of guilty as charged in the information. A motion for new trial was made, which was overruled, and the defendant was sentenced to pay a fine of $10 and costs taxed at $107. The defendant appeals.

*Boies & Couch,* for appellant.

*J. B. Powers* and *C. Bishop,* for appellee.

DAY, CH. J.—The only question presented by the argument of appellant is whether it is necessary that the information
1 PLEADING: should refer to the ordinance alleged to have been
evidence: ju-
dicial notice. violated by its title and the date of its passage. Section 506 of the Code of 1873 provides: "The mayor of each city or incorporated town shall be a magistrate and conservator of the peace, and within the same have the jurisdiction of a justice of the peace in all matters civil or criminal arising under the laws of the State or the ordinances of said city or

town, *and the rules of law regulating proceedings before a justice of the peace shall be applicable to the proceedings before such mayor;* but the criminal jurisdiction hereby conferred shall be coextensive with the county in which such city or town is situated." Section 483, Code of 1873 (1074 Revision), provides: "Fines may in all cases, and in addition to any other mode provided, be recovered by suit or action before a justice of the peace or other court of competent jurisdiction, in the name of the proper municipal corporation and for its use. And in any such suit or action where pleading is necessary, it shall be sufficient to declare generally for the amount claimed to be due in respect to the violation of the ordinance, referring to its title and the date of its adoption or passage, and showing as near as may be the facts of the alleged violation." In *Conboy v. Iowa City*, 2 Iowa, 90, and *State v. Leiber*, 11 Id., 407, it was held that the mayor could take judicial notice of the city ordinances. These decisions were made before section 506 of the Code was adopted. Appellant emphasizes so much of this section as we have indicated above in italics, and contends that it makes the provisions of section 483, respecting a reference to the ordinance of a city by title and the date of its passage, applicable to actions pending before the mayor. We think, however, that this provision of section 506 should not be so construed as to affect these decisions as to the right of the mayor to take judicial notice of the ordinances of a city. If the legislature had intended to change the existing rule upon this subject, we think it would have done so in a manner more direct and unequivocal. Section 506 may be given full force by construing it to apply to the number of jurors, the mode of procuring them, the manner of obtaining witnesses and conducting the trial, etc., etc., without allowing it to abridge any power or right which before existed in the mayor, to take judicial notice of the ordinances adopted by the city.

We feel quite clear that the court properly overruled the motion and the demurrer.

AFFIRMED.