THE CITY OF McPHERSON v. JOSIE NICHOLS.

1. CITY ORDINANCES — *Judicial Notice.* In an action by an individual against a city of the second class, certain city ordinances were introduced in evidence on the trial, but the record does not contain them nor show the contents thereof. *Held,* That they cannot be considered by the supreme court; and *held,* generally, that in no case brought originally in any court except a city court can the court take judicial notice of city ordinances, but they must be proved as facts by competent evidence.

2. SMALL-POX — *Pest-House — Contract by City.* A city of the second class has power, under § 31 of the act relating to cities of the second class, through and under proper ordinances and by its proper agents, to contract with persons to perform services at a place used substantially as a pest-house during a small-pox epidemic, in taking care of persons afflicted with the small-pox, and also to pay for infected bed clothing and other articles taken by the city.

3. FACTS STATED — *Recovery for Services.* As the record in the present case shows that city ordinances were introduced in evidence, and as such ordinances have not been brought to the supreme court, it must be presumed, in order to sustain the judgment of the court below, that they gave to the mayor and other officers of the city and to others acting under them all the power that such persons attempted to exercise, and therefore, *held,* under the facts of this case, that the plaintiff may recover for her services rendered during the small-pox epidemic, and for the infected bed clothing, etc., taken by the city.

*Error from McPherson District Court.*

THE opinion states the facts. Judgment for plaintiff, *Nichols,* at the September term, 1888. The defendant *City* brings the case to this court.

*W. J. Travis,* and *D. C. Welch,* for plaintiff in error.
*Milliken & Galle,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action brought in the district court of McPherson county, by Josie Nichols against the city of McPherson, to recover for the use of her house for 26 days, during the months of February and March, 1888, and for her

services during that period of time, and also for bed clothing and furniture used during that period and afterward taken and appropriated by the city.   The case was tried before the court and a jury, and the plaintiff recovered, for her services, $78; for the articles taken, $163.75; total, $241.75, and nothing for the use of her house, as for some reason the court took that item away from the jury; and the defendant, as plaintiff in error, brings the case to this court for review.

It appears that in the month of February, 1888, a small-pox epidemic occurred in the city of McPherson.   At the same time the plaintiff, Josie Nichols, owned and kept a hotel known as the "Tremont House."   On February 19, the city authorities took the possession and charge of this hotel, and converted it substantially into a pest-house; and it remained in the charge of the city authorities for about 26 days, during which time the plaintiff, at the request, as she claims, of the city's authorized agents, devoted her services largely to taking care of persons afflicted with the small-pox; and at the expiration of such period the city authorities took the possession of much of the infected bed clothing and other articles and took them to the county poor-house, agreeing, as the plaintiff claims, that the city would pay her for the same. The city claims, however, that whatever it or its officers or agents did, they did merely as overseers of the poor, and as agents of the county.

Many of the questions discussed by counsel for the plaintiff in error in their brief, and also in their oral argument, cannot be considered by this court, as it clearly appears from the record that we do not have all the evidence before us which was introduced on the trial of the case.   It is true that the record states, at the close of the evidence brought to this court, as follows: "This was all the evidence given in the case;" but we know from other portions of the record that this is not true.   It is claimed by the defendant in error, plaintiff below, that certain city ordinances were introduced in evidence, and the record shows this to be the case, and the court below charged the jury upon the theory that such was

true, and counsel for the plaintiff in error, defendant below, admit in their brief that such ordinances were introduced in evidence; and yet no such ordinances, nor any ordinances, are found in the record. This discredits the statement above quoted, that "this was all the evidence given in the case." How much more of the evidence has been omitted from the record we cannot tell. Probably, however, we have all the oral testimony taken by the stenographer, and probably the foregoing statement, that "this was all the evidence given in the case," was intended to mean that it was simply all the oral testimony given in the case. Now, as these ordinances are not in the record, it is impossible for us to know just what they contained. We cannot take judicial notice of them. (12 Am. & Eng. Encyc. of Law, 168; *City of Austin v. Walton* [Texas, June 17, 1887], 5 S. W. Rep. 70; *Garland v. City of Denver* [Col., Oct. 16, 1888], 19 Pac. Rep. 460; *W. & A. Rld. Co. v. Young* [Ga., Nov. 9, 1888], 7 S. E. Rep. 912; *Savings Bank v. Mayor, etc.* [Md., June 19, 1890], 20 Atl. Rep. 283.) In no case brought originally in any court except a city court can the court take judicial notice of city ordinances, but they must be proved as facts by competent evidence.

The first ground upon which error is predicated is the ruling of the court below holding that the defendant, the city of McPherson, might be liable under the facts of this case for the plaintiff's services, and for the aforesaid articles of bed clothing, etc. The city of McPherson is a city of the second class, and it is claimed that, under the statutes of Kansas, no such city can be made liable in any case like the present; and it is also claimed that, if a city can be made liable in any case, that no city could be made liable under the facts of this case. The statutes referred to are §§ 21 and 31 of the second-class-city act, (Gen. Stat. of 1889, ¶¶ 777, 787,) and §§ 1 and 2 of the act for the relief of the poor. (Gen. Stat. of 1889, ¶¶ 4027, 4028.) We think that § 31, above referred to, gives ample power in such cases. It reads as follows:

"SEC. 31. The mayor and council of each city governed

by this act, shall have the care, management and control of the city, and its finances, and shall have power to enact, ordain, alter, modify or repeal any and all ordinances not repugnant to the constitution and laws of this state, and such as it shall deem expedient for the good government of the city, the preservation of the peace and good order, the suppression of vice and immorality, the benefit of trade and commerce, and the health of the inhabitants thereof, and such other ordinances, rules and regulations as may be necessary to carry such power into effect." ·

See also ¶¶ 817 and 818 of the General Statutes of 1889, as giving further authority to cities of the second class with respect to health, disease, hospitals, contagions, quarantine regulations, etc. Now, as the record shows that ordinances were introduced in evidence, and as such ordinances have not been brought to this court, we must assume, in order to sustain the judgment of the court below, that they gave to the mayor and the other officers of the city and to others acting under them all the power that such persons attempted to exercise, and, as the city authorities really had charge of the plaintiff's house for the aforesaid 26 days, and through their agents employed her to perform all the services which she did in fact perform, and afterward took the bed clothing, etc., and, according to her evidence, agreed that the city should pay her for the same, we must hold that the city is liable therefor.

No material error having been shown, the judgment of the court below will be affirmed.

All the Justices concurring.