(Hamilton County Common Pleas Court.)

## JACOB KECK v. THE CITY OF CINCINNATI.

*Bill of exceptions from the Police Court— Police Court to take judicial notice of city ordinances —*

1. The Police Court of Cincinnati is authorized to take judicial notice of city ordinances.

2. The Court of Common Pleas, in reviewing on error the decisions of the Police Court, will judicially notice such material matters of law or fact as that court could know judicially.

3. In a proceeding in error instituted in the Court of Common Pleas seeking to re verse a judgment of conviction rendered in the Police Court, it is not necessary that the bill of exceptions should show that the ordinance, under which the conviction was had, was introduced in evidence.

---

Heard on error from the Police Court of Cincinnati.

HOLLISTER, J.

The ony question submitted was whether or not the judgment of conviction in the court below should be reversed because the bill of exceptions does not show that the ordinance for the violation of which the plaintiff in error was convicted was introduced in evidence at the trial. The defendant below introduced no evidence and moved in arrest of judgment. That courts will not take judicial notice of the existence or contents of municipal ordinances is well settled : City of Austin v. Walton, 5 S. W., 70; Garland v. City of Denver, 19 Pac., 460; Railroad Co. v. Young, 7 S. E. 912; Bank v. Mayor, etc., 20 Atl., 283; 1 Dill. Mun. Corp., 443. This rule is followed in City of McPherson v. Nichols—a decision by the Supreme Court of Kansas, 29 Pac., 679— wherein an exception to the rule is noted as follows: "In no case brought originally in any court, except a city court, can the court take judiical notice of city ordinances, but they must be proved as facts by competent evidence."

That which is the exception as applied to courts of general jurisdiction becomes in some of the states the rule where applied to courts whose duty it is to enforce the ordinances of municipal corporations, for it has been decided frequently that city courts are

authorized to take judicial notice of city ordinances. Conboy v. Iowa City, 2 Iowa, 90; Town of Moundsville v. Velton, 35. Va., 217; City of Dubuque v. Leiber, 11 Iowa, 407; Downing v. City of Miltonvale, 36 Kan. 740; Town of Laporte v. Goodfellow, 47 Iowa, 572.

It is true that a different rule has been followed in Illinois, as shown by many cases, of which Trustees of Eizlabethtown v. Lefler, 23 Ill., 90, is an illustration, wherein it is held that: "Even had an ordinance been regularly adopted and published, the court could not judicially know it, but it should have been proved as any other fact." And to the exact point in the case City of St. Louis v. Roche, 128 Mo., 541, wherein it was held that without the introduction in evidence of the ordinance under which the conviction was had, there was an utter failure of proof. The authorities are contradictory; but it would seem that a city court within whose jurisdiction lies the power to enforce city ordinances, receives the law defining misdemeanors from the city ordinance in exactly the same way as courts of general jurisdiction from the properly authenticated statute books purporting to contain the laws of the state.

It is well settled that our courts do notice judicially public statutes, whether special and local or general, Brown v. State, 11 Ohio, 276, and Rider v. Fritchey, 49 Ohio St., 285. See, also, Driggs v. State, 52 Ohio St., 37, 55; Watson v. Brown, 14 Ohio, 473, 482.

Why should not the Police Court take notice of the laws which give it jurisdiction in certain cases, in precisely the same way as the Court of Common Pleas judicially knows the statutes upon which are founded indictments, for instance, in criminal cases?

We may conclude that the Police Court is authorized to take judicial notice of the ordinances of the city. And, of course, where notice may be taken, proof is dispensed with.

Upon conviction of violating an ordinance, the bill of exceptions comes up barren of proof of the very existence of the ordinance, and the court here, in an original action instituted in this court, could not notice an ordinance without proof. In this state of case, this court must inquire into, and inform itself in some way, of the fact of the ordinance and its contents, or justice would miscarry in all cases where the ordinance was not introduced below; and that would be in all cases, for, as shown, proof is not necessary.

In Town of Moundsville. Velton, supra, the Supreme Court of West Virginia held, on "reason and common sense," that under such circumstances the court of error was substituted for the municipal court for the purposes of the case, and would judicially notice the ordinance taken cognizance of in the court below.

The court of Appeals of Kentucky, in Marsh v. Commonwealth, 12 B. Mon., 25, 28 say:

"The Superior Courts, however, will not, ex officio, take notice of the customs, laws, or proceedings of inferior courts of limited jurisdiction, unless when reviewing their judgments upon a writ of error, where, for the purpose of justice, they must necessarily notice them," and the court observed that the administration of justice made such notice "indispensably necessary," for otherwise there was no way of reversing an erroneous conviction. The Supreme Court of the United States in comparing its power to take judicial notice of the laws of the states on appeal from or in error to the decisions of the lower courts of the United States, and its power to notice state laws in suits in error to the decisions of the court of last resort in the several states, say "In the exercise of its general appellate jurisdiction from a lower court of the United States, this court takes judicial notice of the laws of every state in the Union because those laws are known to the court below as laws alone, needing no averment or proof,' and "in this court, exercising an appellate jurisdiction, whatever was matter of law in the court appealed from is matter of law here, and whatever was matter of fact in the court appealed from is matter of fact here." Hanley v. Donoghue, 116 U. S., 1.

If then the premise is sound that the Police Court is authorized to take judicial notice of city ordinances conferring power on it or describing offenses within its jurisdiction, the conclusion must be reached that this court in reviewing the decisions of that court may also notice the fact of the existence and contents of the ordinance under which a conviction was had in order to ascertain whether or not that court with the facts before it, proved and judicially noticed, properly rendered its judgment.

The Ohio courts do not seem to have passed on the question directly; but in Morgan, Superintendent of Cincinnati Workhouse, v. Nolte, 37 Ohio St., 23, a prosecution was instituted in the Police Court of Cincinnati by the City against Nolte, who was found guilty of violating a city ordinance and sent to the workhouse. The affidavit made this charge: "That one, William Nolte, being a known thief, was found in the city, contrary to the ordinance of said city."

Judge White at page 24, uses the following language: "The only question submitted in this case is, whether the council of the city was authorized to create the offense of which the accused, Nolte, was convicted. The ordinance is not made part of the record, but it is admitted that the charge is in accordance with the ordinance. If it were not so admitted, it must be presumed, in the absence of any showing to the contrary in the record."

The persuasive force of this dictum is very great, and it inferentially supports the conclusion reached in this case; for it must mean that the Supreme Court would not only presume that the charge was in ac

cordance with the ordinance, but that there was an ordinance with which the charge was in accordance.

D. Thew Wright and J. D. Ermston for plaintiff in error; C. L. Nippert and J. C. Hart for defendant in error.