[Crim. No. 243.   In Bank.—December 29, 1896.]

## Ex parte L. H. DAVIS on Habeas Corpus.

Municipal Ordinance—Enforcement in Municipal Court—Pleading—Judicial Notice.—Where a proceeding is instituted in a municipal court, for the express purpose of enforcing a municipal ordinance, which is the peculiar law of that forum, it is bound to take judicial notice of the ordinance; and the rule that municipal ordinances are to be regarded as private statutes, which must be specially pleaded in the superior courts, by reference to the title and date of passage, before the superior court can take judicial notice thereof, does not apply in the municipal court; but that court holds the same relation to municipal ordinances that the superior court holds to the acts of the legislature; and it is sufficient to plead in the municipal court that the offense charged "is contrary to the form of the ordinance in such cases made and provided, and against the peace and dignity of the people of the state of California."

Id.—Habeas Corpus—Conviction for Keeping Open Liquor Saloon—Jurisdiction of Municipal Court—Presumption as to Ordinance. Upon *habeas corpus* to test the jurisdiction of a municipal court to try the offense of keeping open a saloon for the sale of intoxicating drinks after midnight, in violation of an ordinance, upon the ground that the complaint does not plead the ordinance as a private statute, it must be presumed in favor of the jurisdiction of the municipal court that there was an ordinance prohibiting the acts charged, of which the municipal court took judicial notice.

HABEAS CORPUS in the Supreme Court to review the conviction of petitioner by the Recorder's Court of the City of Watsonville, County of Santa Cruz.

The facts are stated in the opinion of the court.

*George P. Burke,* and *Sullivan & Sullivan,* for Petitioner.

An ordinance is a private statute. A complaint is defective which does not recite any part of the ordinance, or state its title. (*Miles* v. *Kern,* 12 Mont. 119; *Austin* v. *Walton,* 68 Tex. 507; Pen. Code, sec. 963.) As courts cannot take judicial notice of statutes until pleaded as required by section 963 of the Penal Code, and as no public offense under the general law is stated, defendant is entitled to his discharge on *habeas corpus.* (*Ex parte Kearny,* 55 Cal. 212.)

*David F. Mahon, City Attorney,* for Respondent.

The city court may take judicial notice of city ordinances without proof. (*State* v. *Leiber,* 11 Iowa, 407; *Solomon* v. *Hughes,* 24 Kan. 211; 1 Rice on Evidence, sec. 24; 1 Dillon on Municipal Corporations, 3d ed., sec. 413; Tiedeman on Municipal Corporations, sec. 158; *McPherson* v. *Nichols,* 48 Kan. 430; note to *Lanfear* v. *Mestier,* 89 Am. Dec. 668, 669; 1 Am. & Eng. Ency. of Law, 1st ed., 168, 169; *Laporte* v. *Goodfellow,* 47 Iowa, 572; *Downing* v. *Miltonvale,* 36 Kan. 740.)

THE COURT.—The petitioner was convicted in the recorder's court of the city of Watsonville upon a complaint charging him with keeping open a saloon in said city for the sale of intoxicating drinks, between the hours of twelve o'clock at night and five o'clock the following morning. "All of which [so the complaint charges] is contrary to the form of the ordinance in such cases made and provided, and against the peace and dignity of the people of the state of California."

It is claimed that the imprisonment of petitioner in

pursuance of said conviction is unlawful, because the complaint charges no offense, and that it charges no offense because it does not plead the ordinance by title, date of passage, or in any manner except in the general terms above quoted.

The argument in support of this position is, that the ordinances of municipal corporations are private statutes; that courts do not take judicial notice of private statutes; and, consequently, that they must be pleaded and proved like other material facts.

It is true, as a general proposition, with reference to proceedings in the courts of superior or general jurisdiction, that municipal ordinances are regarded as private statutes, and must be pleaded and proved. In this state, however, even in the superior courts, it is sufficient to refer to them by title and date of passage, whereupon the court must take judicial notice of them. (Pen. Code, sec. 963.) But when the proceeding is in a municipal court, instituted for the express purpose of enforcing the municipal ordinances, and vested with full jurisdiction for that purpose, the rule ought to be and is different. In such case, the ordinances are the peculiar law of that forum, and it is bound to take notice of their existence. To such laws it holds the same relation that the superior courts hold to the laws enacted by the legislature, and may notice their provisions because they are among the things which, as to it, are established by law. (Code Civ. Proc., sec. 1875, subd. 2.) The following authorities bear out this view: *Solomon* v. *Hughes*, 24 Kan. 211; *McPherson* v. *Nichols*, 48 Kan. 430; note to *Lanfear* v. *Mestier*, 89 Am. Dec. 668, 669; *State* v. *Leiber*, 11 Iowa, 407; *Laporte* v. *Goodfellow*, 47 Iowa, 572.

These cases show that the practice in municipal courts, with respect to municipal ordinances, constitutes an exception, and a proper and necessary exception, to the rule invoked by the petitioner. The complaint, therefore, was sufficient, if there was an ordinance prohibiting the acts charged, and, as to that, we must pre-

sume, in this proceeding, which raises only the question of jurisdiction, that there was such an ordinance of which the recorder's court took judicial notice.

Prisoner remanded.