[Crim. No. 1577. In Bank.—October 15, 1910.]

Ex Parte A. J. HANSEN, on Habeas Corpus.

ORDINANCES HOW PLEADED—JUDICIAL NOTICE.—Ordinances of a municipality are recognized as private statutes, and as a general rule must be pleaded as such, either by setting forth the ordinance in full or the substance of the provision relied on, or by pleading it in the more simplified way provided under section 963 of the Penal Code,

by referring to its title and date of passage, whereupon the court must take judicial notice of it.

Id.—Pleading Ordinances in Inferior Courts.—This rule applies more particularly to courts of superior jurisdiction, as to which ordinances of a municipality are regarded as private statutes to be pleaded as such, and should have no application to inferior courts, when such courts are either constituted for the express purpose of enforcing such ordinances, or, if not so constituted, still are invested with full jurisdiction to enforce them.

Id.—Pleading Ordinances in Justice's Court—Judicial Notice.—The foregoing rule is applicable to the pleading of county ordinances in justices' courts, where those courts are invested with full jurisdiction to enforce them. Such ordinances are things established by law, of which they must take judicial notice.

Id.—Violation of Ordinance—Selling Intoxicating Liquor.—A complaint, which charges the defendant, in violation of a county ordinance, with purchasing, receiving, and accepting a particular intoxicating drink, and furnishing, selling, distributing, and delivering the same to persons unknown, is not rendered insufficient by reason of further allegations to the effect that he aided and assisted in so doing.

APPLICATION for a Writ of Habeas Corpus directed to the Sheriff of Imperial County.

The facts are stated in the opinion of the court.

Conklin & Brown, for Petitioner.

John M. Eshleman, District Attorney, and Phil. D. Swing, Deputy District Attorney, for Respondent.

LORIGAN, J.—Petitioner was convicted before a justice of the peace of Brawley Township in Imperial County of a violation of an ordinance prohibiting the sale of liquor in that county outside of municipalities. He seeks a discharge from imprisonment after conviction on the ground that the complaint under which he was prosecuted and convicted does not state any offense.

The complaint charged that the defendant "did willfully and unlawfully," etc., "encourage, abet and assist in a violation of ordinance 2 of the county of Imperial and more particularly section 4 of said ordinance entitled 'An Ordinance for police regulation relating to places where spirituous, vinous, malt or mixed liquors are deposited, distributed, sold,

delivered or given away in the county of Imperial, outside of municipal corporations; and making unlawful the sale or giving away of such liquors within the limits of the county of Imperial, outside of municipal corporations; providing for the sale of same by druggists under guarded restrictions; and repealing all ordinances or parts of ordinances in conflict .therewith and providing for punishment for the violation thereof,' by ·then and there purchasing, receiving and accepting malt liquors and intoxicating drinks, to wit: Beer; and furnishing, selling, distributing and delivering and giving away the same to divers persons, to complainant unknown, . . . contrary to the ordinance No. 2 of the said county of Imperial."

Petitioner attacks the sufficiency of the complaint upon two grounds. 1. That the ordinance which he is charged with violating is not sufficiently pleaded; and, 2. That if it were so pleaded the charge that he aided and assisted in the violation of the ordinance as set forth therein charged no offense because it failed to charge that he aided or assisted any person to violate the ordinance or that any one in fact violated it; that unless some one violated the ordinance it would be impossible for the petitioner to unlawfully aid or assist in such violation.

Upon the first point, it is true that ordinances of a municipality are recognized as private statutes, and as a general rule must be pleaded as such (*Tulare* v. *Hevren,* 126 Cal. 226, [58 Pac. 530]), either by setting forth the ordinance in full or the substance of the provision relied on, or by pleading it in the more simplified way provided under section 963 of the Penal Code, by referring to its title and date of passage, whereupon the court must take judicial notice of it.

This rule, however, applies more particularly to courts of superior jurisdiction, as to which ordinances of a municipality are regarded as private statutes to be pleaded as such, and has no application, or rather should have no application to inferior courts, when such courts are either constituted for the express purpose of enforcing such ordinances, or, if not constituted expressly for that purpose, still are invested with full jurisdiction to enforce them.

In *Ex parte Davis,* 115 Cal. 445, [47 Pac. 258], the proceeding was in *habeas corpus* and involved the sufficiency of the complaint before a recorder's court for the violation of a city

ordinance. The claim of the petitioner was that the ordinance was not pleaded in the complaint. After discussing the general rule as to the necessity of pleading and proving ordinances in proceedings in courts of general jurisdiction, it is said:—

"But when the proceeding is in a municipal court, instituted for the express purpose of enforcing the municipal ordinances, and vested with full jurisdiction for that purpose, the rule ought to be and is different. In such case, the ordinances are the peculiar law of that forum, and it is bound to take notice of their existence. To such laws it holds the same relation that the superior courts hold to the laws enacted by the legislature, and may notice their provisions because they are among the things which, as to it, are established by law. (Citing cases.) These cases show that the practice in municipal courts, with respect to municipal ordinances, constitute an exception, and a proper and necessary exception, to the rule invoked by the petitioner. The complaint, therefore, was sufficient, if there was an ordinance prohibiting the acts charged, and, as to that, we must presume, in this proceeding, which raises only the question of jurisdiction, that there was such an ordinance of which the recorder's court took judicial notice."

It is true that in this case the court was considering the rule of pleading with respect to a strictly municipal court constituted for the express purpose of enforcing the ordinances of the city, but we perceive no valid ground for denying the application of the same principle to justices' courts, where those courts are invested, as they are in this state, with full jurisdiction to enforce county ordinances. In fact it appears to us that the rule should be made applicable to them for the same reasons as it is made applicable to municipal courts.

While justice courts are courts of larger jurisdiction than purely municipal courts, and are not constituted for the sole purpose of enforcing county ordinances, still they are by law invested with jurisdiction to enforce them. Such ordinances operate throughout the county and their enforcement is necessarily brought within the territorial jurisdiction of every justice court within the county. This being true, such ordinances constitute the law of that forum just as effectually as other subjects over which justices' courts are given jurisdiction by section 1425 of the Penal Code, and as their enforcement must be had in those courts, their existence as pertaining to the

jurisdiction of the court to enforce them is a thing established by law of which, under subdivision 2 of section 1875 of the Code of Civil Procedure, judicial notice must be taken by those courts. No good reason suggests itself, nor has any been advanced by petitioner why a distinction should be made in the application of the rule between proceedings for the enforcement of ordinances in municipal courts and in justices' courts. Municipal courts are constituted for the express purpose of enforcing municipal ordinances, and it is held that as such ordinances are the peculiar law of that forum—that is, are matters over which it exercises jurisdiction and whose existence can only call for the exercise of that jurisdiction,— they are therefore, as to such courts, things established by law of which they must take judicial notice. But so are the justices' courts constituted with jurisdiction, among other things, over the enforcement of county ordinances such as the one involved here. As far as their jurisdiction over them is concerned these ordinances are the peculiar law of that forum, just as fully and effectually as are the municipal ordinances the law of the municipal forum, and they are things which, as to the exercise of the jurisdiction of such justices' courts to enforce them, are established by law. The legal conditions being similar, the same rule of judicial notice should apply, and we have no doubt that it does, and that justices' courts, like municipal courts, take judicial notice of ordinances which they are expressly invested with jurisdiction to enforce.

This was the view entertained by the district court of appeal in *Ex parte Leuning*, 3 Cal. App. 76, 77, [84 Pac. 445], a *habeas corpus* proceeding, where the application for a writ was dismissed and the matter terminated in that court.

As to the other point made by petitioner. The ordinance makes it unlawful for any person within the county and outside municipalities therein to sell, furnish, distribute, or give away intoxicating drinks of any kind, except for certain purposes, and makes it also unlawful for any person to furnish, purchase, receive, accept, or otherwise obtain intoxicating drinks, or in any manner encourage, aid, abet, or assist in the violation of the ordinance. Selling or giving away intoxicating drinks is declared an offense, as well as to assist or aid others in doing so. The offense charged against defendant

under the complaint was purchasing, receiving, and accepting a particular intoxicating drink, and furnishing, selling, distributing, and delivering the same to persons unknown. While the complaint, it is true, alleges that he was aiding and assisting in doing this, the substantive charge is that he himself violated the ordinance by selling, furnishing, and giving away the liquor. Hence, it would not seem to be very material in determining his guilt, whether the acts committed by him were done individually or with the view of aiding or assisting others to violate the ordinance. While the complaint is rather inartificially drawn, it sufficiently informed the petitioner of the offense which was charged against him.

The writ is discharged and the prisoner remanded.

Shaw, J., Melvin, J., Henshaw, J., and Beatty, C. J., concurred.