THE PEOPLE, PLAINTIFF AND APPELLEE, *v.* SUÁREZ, DEFENDANT AND APPELLANT.

APPEAL from the District Court of San Juan, Section 2, in a Prosecution for the Violation of a Municipal Ordinance.

No. 864.—Decided November 26, 1915.

MUNICIPALITIES—MUNICIPAL ORDINANCES—PUBLIC WELFARE.—Sections 25 and 26 of the Act of 1906 establishing a system of local government, and for other purposes, as amended in 1907, 1910 and 1911, empower the municipalities to adopt ordinances not in conflict with the laws of the Island governing, among other things, matters concerning the public welfare, and to impose penalties for the violation thereof not to exceed a fine of $50 or imprisonment in jail for fifteen days, or both. ·

ID.—LEGISLATIVE ASSEMBLY—DELEGATION OF POWERS—CONSTITUTIONAL LAW.— The legislative assembly can delegate to the municipalities the power to pass ordinances with regard to certain local affairs, which have the same force as laws enacted by the Legislature and should be respected, and it can also delegate the authority to impose penalties for their violation as a means of enforcing compliance, which delegation of power is not unconstitutional.

COMPLAINT.—According to sections 22 and 23 of the Code of Criminal Procedure, as amended, a complaint is sufficient when it contains a sworn statement reciting as particularly as can be done the nature of the offense and the circumstances attending its commission.

ID.—MUNICIPAL ORDINANCE—MUNICIPAL COURT.—It is not necessary to copy the ordinance, in whole or in part, in a complaint charging the violation of the same, or even to give its title or the date of its adoption, when the prosecution is begun in a municipal court, because a municipal ordinance is a law peculiar to that forum and the court is required to take judicial cognizance thereof in the same manner that district courts are required to take cognizance of the acts of the legislative assembly.

The facts are stated in the opinion.

*Mr. Jacinto Texidor* for the appellant.

*Mr. Salvador Mestre, fiscal,* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

A complaint was filed in the Municipal Court of Río Piedras charging the appellant, Jacinto Suárez, with a violation of a municipal ordinance in that, as representative and partner of the firm of Villamil Brothers, who have a provision store in the town of Río Piedras, he wilfully and maliciously had eighteen cases of gasoline and 50 cases of kerosene in the said store contrary to the municipal ordinance adopted by the Municipal Council of Río Piedras on April 16, 1913.

The case having been tried *de novo* on appeal, the District Court of San Juan, Section 2, rendered judgment convicting Jacinto Suárez of the violation of the municipal ordinance and sentenced him to pay a fine of five dollars, or, in default of payment, to imprisonment for one day for each dollar not paid.

The appellant asks for a reversal of the judgment of the district court from which he appealed on the ground that the court erred in overruling his demurrer to the sufficiency of the complaint because it does not conform to the requirements of sections 71, 72 and 73 of the Code of Criminal Procedure in that, while charging the violation of a municipal ordinance, it does not set out its title, the date of its approval, or contain a copy of the part thereof which is alleged to have been violated; and, further, because the acts charged do not constitute a public offense because they are not made punishable by any of the enactments of a penal nature enumerated in section 5 of the Penal Code.

Reversing the order in which these two questions have been raised, we will consider first the second, which denies that municipalities have power to impose penalties; for if the appellant is right as to this, it will not be necessary to consider the other question, which is based on defects in the complaint.

While it is true that section 5 of the Penal Code, which was enacted in 1902, provides that no person shall be arrested for any crime or offense unless such crime or offense is expressly declared in that code, except for crimes and offenses against the laws of the United States applicable to Porto Rico and the enactments of the Legislative Assembly of Porto Rico and laws enacted by the Congress of the United States for Porto Rico, and that the offense with which the appellant is charged is not included in the said laws, it is also true that the Legislative Assembly of Porto Rico enacted subsequently the Act of 1906 establishing a system of local government and for other purposes, sections 25 and 26 of which, as amended in 1907, 1910 and 1911, empower the ·municipalities to adopt ordinances not in conflict with the laws of the island governing, among other things, matters concerning the public welfare and to impose penalties for the violation thereof, not to exceed a fine of fifty dollars or imprisonment in jail for fifteen days, or both.

The appellant is familiar with this provision, but maintains that the Legislative Assembly of Porto Rico cannot delegate to the municipalities its power to define and penalize crimes and offenses. However, such power of delegation has been recognized unanimously by the courts because it is singularly consistent with the democratic doctrine of autonomy. 28 Cyc. 693; 8 Cyc. 866; 2 Dillon's Municipal Corporations (5th ed.), par. 573, and cases cited.

There is no doubt that the Legislature can delegate to the municipal corporations the power to pass ordinances with regard to certain local affairs, which have the same force as

laws enacted by the state legislature and should be respected (*New Orleans Water Works* v. *New Orleans,* 164 U. S. 481); and this being so, it can delegate also the authority to impose penalties for their violation as a means of enforcing compliance. It has been held in many cases that such delegation of power to municipalities is not unconstitutional. *State* v. *Tryon,* 39 Conn. 18, and *State* v. *Carpenter,* 60 Conn. 97; 22 Atl. Rep. 497

As regards the other question, it must not be forgotten that this is a case of a complaint which, according to sections 22 and 23 of the Code of Criminal Procedure, as amended, is sufficient when it contains an affidavit reciting as particularly as can be done the nature of the offense and the circumstances attending its commission.

The complaint which originated this prosecution charges that the appellant had in his store a certain number of cases of gasolene and kerosene in violation of a municipal ordinance adopted by the Municipal Council of Río Piedras on April 16, 1913, and this is sufficient to inform him of the offense with which he is charged without its being necessary to copy the ordinance in whole or in part or even to give its title or the date of its adoption, because the prosecution having been begun in a municipal court to enforce compliance with a municipal ordinance, which is a law peculiar to that forum, the court is required to take cognizance of the ordinance in the same manner that district courts are required to take cognizance of the acts of the Legislative Assembly. 115 Cal. 445.

The judgment appealed from should be

*Affirmed.*

Chief Justice Hernández and Justices Wolf and del Toro concurred.

Mr. Justice Hutchison took no part in the decision of this case.