PEOPLE v. STEINER.

1. EVIDENCE—MUNICIPAL COURTS TAKE JUDICIAL NOTICE OF ORDINANCES.

It is bench law that in cities the justice's or police court having jurisdiction to try ordinance cases may take judicial notice of the enactment, existence, provisions, and continuing force of ordinances of the city, and it does not depend upon statutory enactment, although it has

been incorporated in statutes operating as charters of cities (1 Comp. Laws 1915, § 3004).[1]

2. CRIMINAL LAW—JUSTICE'S COURT OF MUSKEGON A MUNICIPAL COURT.
Although the justice's court in the city of Muskegon is not a municipal court, in the strict sense of the term, because its jurisdiction in some matters reaches beyond the city limits, it is, nevertheless, in ordinance cases, a court of the municipality.[2]

3. SAME—ORDINANCES—MUNICIPAL COURTS—EVIDENCE.
The city court of the city of Muskegon, created by Act No. 24, Pub. Acts 1899, is a municipal judicial forum with jurisdiction to try and determine alleged violations of the city ordinances, and, therefore, a conviction before said court of violating a city ordinance is not void because the ordinance was not placed in evidence.[3]

Error to Muskegon; Vanderwerp (John), J. Submitted October 14, 1926. (Docket No. 106.) Decided December 8, 1926.

William Steiner was convicted of violating an ordinance of the city of Muskegon. Affirmed.

*John G. Turner,* for appellant.

*Edward C. Farmer,* City Attorney, for the people.

WIEST, J. Defendant was convicted, by a jury in justice's court in the city of Muskegon, of violating an ordinance of the city regulating the speed of automobiles in the residence district; by certiorari reviewed his conviction in the circuit court, and, upon affirmance there, sued out a writ of error from this court.

The sole point of law is whether his conviction is void because the ordinance was not placed in evidence at the trial. It is bench law that, in cities, the justice or police court having jurisdiction to try ordinance

[1]Criminal Law, 16 C. J. § 977; [2]Id., 16 C. J. § 179; [3]Id., 16 C. J. §§ 177, 977.

cases may take judicial notice of the enactment, existence, provisions, and continuing force of ordinances of the city. Sometimes this bench law has been incorporated in statutes operating as charters of cities. This appears by section 3004, 1 Comp. Laws 1915, in the chapter relating to ordinances in cities of the fourth class. But the rule does not depend upon statutory enactment and is too general in acceptance to be now questioned.

It is said the justice's court in the city of Muskegon is not a municipal court in the strict sense of the term. Perhaps not, because the jurisdiction in some matters reaches beyond the city limits, but this is of no importance; it is, in ordinance cases, a court of the municipality. See *Ex parte Hansen*, 158 Cal. 494 (111 Pac. 528). Act No. 24, Pub. Acts 1899, discontinued the offices of four justices of the peace in the city of Muskegon, provided for the election of one justice with a salary to be paid by the city, gave all fines imposed in prosecutions for the violation of city ordinances and the fees and earnings of the office to the city, required the city to provide a court room, dockets and books, designated the justice the police justice of the city, and conferred the powers, duties, and jurisdiction prescribed by the general laws of the State, and the charter of the city relative to justices of the peace and justice's courts, and the police court of the city. This created a city court; a municipal judicial forum with jurisdiction to try and determine alleged violations of city ordinances. The rule of judicial notice of ordinances is well stated by McQuillin in his work on Municipal Corporations (vol. 2), § 849:

"Ordinances when legally enacted operate throughout the limits of the city in like manner as public laws operate within the State limits. The city or municipal courts bear the same relation to ordinances of the city as the State courts do to the public laws of the

State.    Hence, on principle, the municipal courts may for like reason take judicial notice of all city ordinances of a general nature, or those having a general obligatory force throughout the city.    And the rule that courts will not take judicial notice of municipal ordinances does not apply to police courts and city courts, which have jurisdiction of complaints for the enforcement of ordinances.    They will take judicial notice of their ordinances, without allegation or proof of their existence."

In *Galen Hall Co.* v. *Atlantic City,* 76 N. J. Law, 20 (68 Atl. 1092), the contention was made that the ordinance of Atlantic City was not offered in evidence and the omission was fatal.    It was said:

"We think the correct rule to be that a municipal court takes judicial notice of the ordinances of that particular municipality."

In *City of Buffalo* v. *Stevenson,* 145 N. Y. App. Div. 117 (129 N. Y. Supp. 125), it was held:

"A municipal court takes judicial notice of the ordinances of the municipality wherein it exists."

In *People* v. *Quider,* 172 Mich. 280, 287, the rule we have mentioned was recognized in the following language:

"Without reviewing the numerous authorities cited by counsel on the respective sides, it can be accepted as well established that courts of general jurisdiction do not judicially notice municipal ordinances.    In proceedings where they become important in such courts they must be proven before they can be considered; but a municipal court, when called upon to enforce city ordinances, or in passing upon matters relating to municipal affairs in which such ordinances are involved, will take judicial notice of their existence."

We find no error.    The conviction is affirmed.

BIRD, C. J., and SHARPE, SNOW, STEERE, FELLOWS, CLARK, and MCDONALD, JJ., concurred.