THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* MANUEL SOLÍS SARIEGO, Defendant and Appellant.

No. 8045.  Argued March 7, 1940.—Decided March 8, 1940.

Antonio L. López for appellant.  R. A. Gómez, Prosecuting Attorney, and Luis Janer, Assistant Prosecuting Attorney, for appellee.

Mr. Justice De Jesús delivered the opinion of the court.

This is one of so many cases which illustrate the need of restricting the appellate jurisdiction of this court. An infringement of a municipal ordinance is involved in which the defendant had his day in court, in the Justice-of-the-Peace Court of Caguas first, and, on appeal, in the District Court of Humacao, where he was fined $10 and the costs.

The defendant, the owner of a bakery, was charged with the failure to keep the front and the ground around his establishment located in one of the city streets free from papers and other litter. The evidence, unquestionably, shows that the charges of the complaint are true and it is so expressly admitted by the defendant in his testimony, but he tries to exculpate himself by stating that a neighbor throws dirty waters round about his establishment which is under the supervision of William Pillot, a trusted employee of the defendant, who manages and looks after the same.

If the defendant, as admitted by himself, is the owner of the establishment referred to in the complaint, the fact that he has entrusted its management to somebody else does not constitute a defense to the failure of the people in the establishment to comply with the provisions of the ordinance, inasmuch as the acts of the employees within the scope of their duties are the acts of the principal. Qui facet for alium facit per se.

At the trial in the district court the district attorney submitted in evidence, which the court admitted over the

objection of the defendant, a certified copy of the ordinance alleged to have been infringed, from which evidence it does not appear that the said ordinance had been approved by the mayor, nor does the initial clause thereof appear.

It has been repeatedly held by this court that justice-of-the-peace and municipal courts have original jurisdiction over infringement of municipal ordinances of the municipality where the case originates, and the proper district courts and this court on appeal, take judicial notice of such ordinances, the burden of proof being upon the defendant when their validity is challenged. To this effect this court, through Mr. Justice Aldrey, expressed itself as follows:

"The complaint which originated this prosecution charges that the appellant had in his store a certain number of cases of gasolene and kerosene in violation of a municipal ordinance adopted by the Municipal Council of Río Piedras on April 16, 1913, and this is sufficient to inform him of the offense with which he is charged without it being necessary to copy the ordinance in whole or in part or even to give its title or the date of its adoption, because the prosecution having been begun in a municipal court to enforce compliance with a municipal ordinance, which is a law peculiar to that forum, the court is required to take cognizance of the ordinance in the same manner that district courts are required to take cognizance of the acts of the Legislative Assembly. *Ex-parte Davis*, 115 Cal. 445. *People* v. *Suárez*, 23 P.R.R. 226, 229.

To the same effect are the decisions in *People* v. *Nochera*, 23 P.R.R. 561, 564, and *People* v. *Garzot*, 24 P.R.R. 215, 217.

It is also alleged by the defendant that the municipal ordinance that has been infringed has been repealed by a subsequent one. This latter ordinance is transcribed in the record and it neither repeals the ordinance involved herein nor contains any provision in conflict with those of the former, and both may stand without conflicting.

From the foregoing, the appeal must be dismissed and the judgment appealed from affirmed.