102  107
120  305

[No. 18165.   Department Two.—March 29, 1894.]

## CITY OF SACRAMENTO, RESPONDENT, *v.* H. F. DILLMAN, APPELLANT.

MUNICIPAL CORPORATIONS—PUBLICATION OF ORDINANCE—TIME OF TAKING EFFECT.—Where the charter of a city provides that the board of trustees shall publish all ordinances for ten days in some newspaper published in the city, but without providing that the ordinance should not take effect until after its publication, an order regulating liquor licenses takes effect on its passage, and publication thereafter is a ministerial act to give the people notice of its requirements, and is not a condition precedent to its taking effect.

ID.—REGULATION OF LIQUOR LICENSES—REMEDY BY ACTION—CONSTITUTIONAL LAW.—A city ordinance regulating liquor licenses, and a section of the city charter giving to the city a remedy by civil action in any case where a person required by any ordinance to take out a license and pay therefor, shall fail to do so, are not in conflict with section 12 of article XI of the constitution.

ID.—ACTION TO RECOVER LICENSE FEE—POLICE REGULATION.—Notwithstanding an action to recover a license tax for the sale of liquors is connected with a police regulation concerning liquor licenses, such action will lie where the city charter gives to the city a remedy by a civil action in all cases of licenses to transact, do, or carry on any business, trade or occupation without distinction as to the object for which the license is required.

ID.—NATURE OF LICENSE TAX—DEBT DUE.—A license tax sought to be recovered in an action is not a penalty, but in the nature of a debt due from the defendant, or a duty devolved upon the defendant personally, which can be enforced precisely as though he had contracted to pay such sum of money to the city.

APPEAL from a judgment of the Superior Court of Sacramento County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*W. A. Anderson*, and *Grove L. Johnson*, for Appellant.

The publication of the ordinance was a prerequisite to its validity, and not having been published for the prescribed time before taking effect, it is invalid. (*Chambers* v. *Satterlee*, 40 Cal. 521; *Donnelly* v. *Tillman*, 47 Cal. 41; *Donnelly* v. *Marks*, 47 Cal. 191; *Himmelmann* v. *Satterlee*, 49 Cal. 387; *Reis* v. *Graff*, 51 Cal. 90; *City of Napa* v. *Easterby*, 61 Cal. 509; *City of Napa* v. *Easterby*, 76 Cal. 222.) The ordinance is unconstitutional, and the action to enforce it cannot be maintained, because it is brought under a section of a law which is unconstitutional. (*People* v. *Martin*, 60 Cal. 153; Const., art. XI, sec. 12; *Thomason* v. *Ashworth*, 73 Cal. 74.) The ordinance under which this action is brought is a police regulation, not a revenue tax, and hence a civil action cannot be maintained for the collection of a license fee under the ordinance. (Cooley on Taxation, 597, 604, 2d. ed.; Horr and Bemis on Municipal Ordinances, secs. 140–73 et seq.; *Ex parte Burnett*, 30 Ala. 461; *Craig* v. *Burnett*, 32 Ala. 728; *Burlington* v. *Insurance Company*, 31 Iowa, 102; *Kitson* v. *Ann Arbor*, 26 Mich. 325; *Mason* v. *Lancaster*, 4 Bush. 406; *Freeholders* v. *Barber*, 7 N. J. L. 64; *Kip* v. *Paterson*, 26 N. J. L. 298; *State* v. *Hoboken*, 33 N. J. L. 280; *Boston* v. *Schaffer*, 9 Pick. 415; *Com-*

*monwealth* v. *Stodder*, 2 Cush. 562; 48 Am. Dec. 679; Dillon on Municipal Corporations, sec. 609.)

*Clinton L. White,* for Respondent.

The requirement as to the publication of the ordinance is directory merely, and is not a condition precedent to the ordinance taking effect. (*People* v. *Cole,* 70 Cal. 59; *Irrigation Dist.* v. *De Lappe,* 79 Cal. 358; *Commonwealth* v. *Davis,* 140 Mass. 485; *Opelousas* v. *Andrus,* 37 La. Ann. 699; *Peterman* v. *Huling,* 31 Pa. St. 432; *Parkinson* v. *State,* 14 Md. 184; 74 Am. Dec. 522; *Matthews* v. *Zane,* 7 Wheat. 164; 1 Bouvier's Inst., sec. 80.) The ordinance is constitutional, and the action brought was properly maintained. (Const., art. XXII, sec. 1; *Commissioners* v. *Trustees,* 71 Cal. 310; *Mayor* v. *Hyatt,* 3 E. D. Smith, 156; *City of Stockton* v. *Western etc. Ins. Co.,* 73 Cal. 621.) A criminal action to enforce the penalty is not the exclusive remedy for the violation of the ordinance. (*Oakland* v. *Whipple,* 39 Cal. 115; *People* v. *Seymour,* 16 Cal. 332; 76 Am. Dec. 521; *San Luis Obispo* v. *Hendricks,* 71 Cal. 245; Code Civ. Proc., sec. 32; Pen. Code, sec. 9.) See generally as to the validity of similar license laws. (*Ex parte Wolters,* 65 Cal. 269; *In re Guerrero,* 69 Cal. 88; *In re Bickerstaff,* 70 Cal. 35; *Ex parte McNally,* 73 Cal. 632; *Ex parte Campbell,* 74 Cal. 20; 5 Am. St. Rep. 418; *Ex parte Christensen,* 85 Cal. 208; *Mendocino County* v. *Bank of Mendocino,* 86 Cal. 255).

The COURT.—On June 22, 1891, an ordinance "regulating saloons, bar-rooms, etc., and providing the amounts of city licenses to be paid by keepers of saloons, bar-rooms, and other places where wines and liquors are sold," was passed by the board of trustees of the city of Sacramento. The ordinance provided that every person within the limits of the city, who keeps a barroom, saloon, or other place where liquors are sold by the glass or bottle, to be drank on the premises, shall pay quarterly, in advance, " a city license, for pursuing said business, of forty-five dollars for each and every

quarter," and that all licenses collectible under the ordinance should become due and payable on the first days of January, April, July, and October of each year. It also provided that it should be in force from and after June 30, 1891, and all ordinances and parts of ordinances in conflict with its provisions were repealed. The only action taken by the board in reference to the publication of the ordinance was an order made on the day of its passage, "that the matter be referred to the mayor, for publication or not, as he saw fit." It was, however, by direction of the mayor, published in the *Daily Bee,* a newspaper published and having a general circulation in the city, for the period of ten days, commencing June 22d, and ending July 2, 1891. Prior to the time of the passage of the said ordinance, an ordinance regulating saloons and fixing a different sum to be paid as a license for that business was in force in the city. On July 1, 1891, and thereafter, until this action was commenced, defendant kept a saloon in the city, where liquors were sold by the glass, to be drank on the premises. He tendered the quarterly amount, which was due under the old ordinance, but refused to pay the forty-five dollars required by the new one.

On July 24, 1891, the plaintiff, by order of its city collector, commenced this action against the defendant, alleging the passage of the said ordinance, and that forty-five dollars became due from defendant thereunder on July 1st, and also that, under the provisions of plaintiff's charter, one dollar should be added for defendant's failure to pay the license money within five days after it became due, and fifteen dollars for liquidated damages; and praying judgment for the said several sums. The defendant answered, denying all the averments of the complaint, and alleging that the "action was not brought by the proper person, namely, city collector of the city of Sacramento."

The case was tried by the court without a jury, and the findings and judgment were in favor of the plaintiff;

from which judgment and an order denying his motion for a new trial defendant appeals.

1. The charter of the city provided that the board of trustees " shall publish all ordinances for ten days in some newspaper published in said city." (Stats. of 1863, sec. 16, p. 415.) Appellant contends that this required all ordinances to be published by *order* of the board, and that as the ordinance in hand was not so published it never became valid and effective. In support of this position several decisions of this court are cited, but they were all made in cases for the enforcement of street assessments, where publication was declared necessary to give the boards jurisdiction to make orders for the proposed improvements. Those cases are not in point here. In this case there was no provision that the ordinance should not take effect till after its publication, and, in our opinion, it took effect on its passage, and publication thereafter was a ministerial act to give the people notice of its requirements, like the publication of statutes after they are passed by the legislature. (See *People* v. *Cole*, 70 Cal. 59, where it was held that although there was express direction that the ordinance should be recorded, yet the recording was not a condition precedent to its taking effect. And see, also, *Commonwealth* v. *Davis*, 140 Mass. 485, where it was held that a requirement that a city ordinance should be published was directory merely.)

2. It is next contended that the ordinance and section 50 of the city charter, under which the action was brought, are unconstitutional, because in conflict with section 12 of article XI of the constitution. And in support of this contention *People* v. *Martin*, 60 Cal. 153, is cited.

The constitutional provision is as follows:

"The legislature shall have no power to impose taxes upon counties, cities, towns, or other public or municipal corporations, or upon the inhabitants or property thereof, for county, city, town, or other municipal purposes, but may, by general laws, vest in the corporate

authorities thereof the power to assess and collect taxes for such purposes."

The case cited was an action to recover the amount of license tax claimed to be due from the defendant under certain sections of the Political Code, because he was carrying on the business of selling goods, wares, and merchandise at a fixed place of business. It was held that such taxes being imposed for county purposes, the sections of the code imposing them were clearly inconsistent with the section of the constitution above quoted, and therefore no longer in force. That case has obviously no bearing upon the question in hand, for here the license was not imposed by the legislature, but by a municipal ordinance which was authorized.

3. It is further contended that the ordinance under which the action was brought was a police regulation simply, and hence a civil action cannot be maintained for the collection of a license fee imposed by it.

Section 50 of the city charter gives to the city a remedy by civil action in any case where a person, required by any ordinance to take out a license and pay therefor, shall fail to do so. No distinction is made as to the object for which the license is required, but the licenses which may be collected by civil action are such as are required of a person to authorize him to " transact, do, or carry on any business, trade or occupation, matter or thing." And as said in a similar case (*San Luis Obispo* v. *Hendricks*, 71 Cal. 245): "The license tax sought to be recovered in this action is not a penalty, but in the nature of a debt due from the defendant to the county (city), or, what is the same thing for present purposes, a duty devolved upon the defendant personally, which can be enforced precisely as though he had contracted with the county (city) to pay such sum of money (citing cases).

"A penalty is in the nature of a punishment for the nonperformance of an act, or for the performance of an unlawful act, and in the former case stands in lieu of

the act to be performed.    Here the action is to enforce the precise duty."

4. Some other points are made for a reversal, but we see no particular merit in any of them, and they need not be specially noticed.

It follows that the judgment and order must be affirmed, and it is so ordered.