[Crim. No. 391. Department One.—February 24, 1898.]

THE PEOPLE, Respondent, v. JOHN VASALO, Appellant.

CRIMINAL LAW—LEGALITY OF COMMITMENT—VERIFICATION OF COMPLAINT BEFORE CLERK OF POLICE COURT.—Under the authority given by section 2093 of the Code of Civil Procedure, the clerk of the police court of the city of Los Angeles has authority to administer the oath to a person verifying a complaint charging the commission of an offense; and a motion to set aside an information based thereon, for want of a legal commitment under such complaint, owing to the absence of a legal verification thereof, cannot be sustained.

ID.—BURNING INSURED PROPERTY WITH INTENT TO DEFRAUD—SUFFICIENCY OF INFORMATION—USE OF PARTICIPLES.—An information charging the offense of willfully burning insured property with intent to defraud the insurer under section 548 of the Penal Code, which states the ownership of a building in the defendant, the fact of insurance thereon, the burning of the building by the defendant, and that such burning was done with intent to defraud the insurer, is sufficient, and is not rendered defective in substance by the use of participles therein instead of verbs, though the information could be improved by not using them and by alleging all the facts directly and positively.

ID.—TRIAL—CONTINUANCE BEYOND SIXTY DAYS—PRECEDING CAUSES.—Where it appears that the trial of the defendant came on in regular order, and that a continuance of the trial beyond sixty days was caused by the trial of other criminal cases which had precedence over the case of defendant, there is good cause for such continuance and for a denial of a motion to dismiss the prosecution on account thereof.

ID.—EVIDENCE—SECONDARY PROOF OF CONTRACT OF INSURANCE—ORDER FOR PRODUCTION BY ATTORNEY.—Where it appeared at the trial that the contract for insurance of the burned building was in the possession of the attorney for defendant, and the court ordered the attorney to produce it in court at 2 o'clock of that day, which the attorney failed to do, not upon the ground that he needed more time to comply with the order, but upon the ground that he was entitled to more time under the statute, it was proper for the court to allow the prosecution to prove its contents by oral evidence and written memoranda.

ID.—PROOF OF INTENT TO DEFRAUD—INFERENCE OF FACTS—PROVINCE OF JURY. Where the prosecution had shown that the building was the property of the defendant, and that he burned it, and that it was then insured against loss by fire, the jury was fully justified, without further proof, in finding as a fact that defendant burned the building with intent to defraud the insurer.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial. B. N. Smith, Judge.

The facts are stated in the opinion of the court.

Hugh J. & William Crawford, for Appellant.

W. F. Fitzgerald, Attorney General, and C. N. Post, Deputy Attorney General, for Respondent.

GAROUTTE, J.—Defendant has been charged and convicted under section 548 of the Penal Code, wherein it is declared that every person who willfully burns insured property with intent to defraud the insurer, is guilty of a felony. He appeals from the judgment and order denying his motion for a new trial.

It was sought to set aside the information upon the ground that the defendant had not been legally committed by a magistrate in this, that the complaint filed against him charging the aforesaid offense was verified before a party not authorized to administer oaths. The oath was administered by the clerk of the police court of the city of Los Angeles. Under the authority given in section 2093 of the Code of Civil Procedure, the clerk of the police court of the city of Los Angeles was clearly authorized to administer this oath. A special demurrer was interposed to the sufficiency of the information. We deem it not well taken. The ownership of the building in defendant is charged, also the fact of insurance, the burning of the building by defendant, and that such burning was done with intent to defraud the insurer. The information could have been improved upon by alleging the foregoing facts directly and positively. The use of participles in a pleading instead of verbs is certainly not the best practice, yet this defect of the pleading does not go to its substance.

Sixty-eight days elapsed between the filing of the information and the day of trial, and complaint is now made of that fact. As good cause for the course pursued by the trial court, it appears that the court was engaged in the hearing of criminal cases during this entire period of time, and that those cases had precedence over the case of defendant. It thus appears that defendant's trial came on in its regular order. For these reasons there was good cause for a denial of the motion to dismiss the prosecution. During the progress of the trial it appeared that defendant's attorney had possession of the contract of insurance. The prosecution desired to introduce it in evidence, whereupon the judge ordered the

attorney to produce this contract in court at two o'clock of that day. The attorney refused to comply with the order, upon the ground that he was entitled to more time under the statute. He made no claim that he needed more time in which to comply with the order, but stood upon what he claimed to be his strict, statutory rights. Under these circumstances the court allowed the people to prove the contents of the contract of insurance by oral evidence and written memoranda. The circumstances here disclosed justified the trial court in allowing the widest latitude to the prosecution in proving the contents of the contract, and no error is disclosed in the admission of evidence upon that issue.

It is further claimed that no evidence was introduced tending to show that the act of burning by defendant was done with intent to defraud the insurance company. Having shown that the building was the property of the defendant, that he burned it, and that at such time it was insured against loss by fire, the jury was fully justified in finding as a fact that defendant burned the building with intent to defraud the insurer.

For the foregoing reasons the judgment and order are affirmed.

Van Fleet, J., and Harrison, J., concurred.

Hearing in Bank denied.