[No. 9151.   Department Two.   April 27, 1911.]

THE STATE OF WASHINGTON, *Respondent,* v.
FRANK MORROW, *Appellant.*[1]

CRIMINAL LAW — PROSECUTIONS — STATUTES — REPEAL — SAVINGS CLAUSE. Offenses prior to the enactment of the new penal code (Rem. & Bal. Code, § 2753 *et seq.*), are properly prosecuted under the laws in force at the time the offense was committed, being expressly saved by the repealing clauses of the later enactment.

CRIMINAL LAW—APPEAL—RECORD—INSTRUCTIONS—EXCEPTIONS. Error cannot be predicated upon the instructions where the record on appeal does not include the instructions or any exception thereto.

CRIMINAL LAW—EVIDENCE—IDENTIFICATION—OPINIONS. The identification of a person need not be positive and certain, but the witness may state that she believes that the accused is the person who committed the crime.

RAPE—CORROBORATION OF PROSECUTRIX—EVIDENCE—SUFFICIENCY. A conviction of statutory rape is sufficiently sustained by corroboration of the prosecutrix, where her story as to being taken to a lodging house by the defendant as his daughter and occupying the

[1]Reported in 115 Pac. 161.

same room, after the landlady had prepared a couch for her, and of stopping at a drug store with him the evening before, and at a restaurant the next morning, is corroborated by witnesses who saw them at the drug store and restaurant, and by the landlady who remembered the occurrence but could not identify the girl nor positively identify the accused.

CRIMINAL LAW—TRIAL—WITNESS—OMISSION OF OATH. It is not prejudicial error that by inadvertence a witness gave part of his testimony without being sworn, where it was immediately withdrawn, and repeated after the witness was sworn.

Appeal from a judgment of the superior court for King county, Ronald, J., entered May 21, 1910, upon a trial and conviction of rape. Affirmed.

*Will H. Thompson,* for appellant.

*George F, Vanderveer* and *A. G. McBride,* for respondent.

CROW, J.—Appellant was tried and convicted upon an indictment which, omitting formal parts, reads as follows:

"Frank Morrow is accused by the grand jury of the state of Washington for the county of King, by this indictment, of the crime of rape, committed as follows: That Frank Morrow, at the county of King, state of Washington, on the 10th day of August, A. D. 1907, in and upon one Maud Wilson, a female child under the age of eighteen years, to wit, of the age of sixteen years, and not the wife of the said Frank Morrow, feloniously did make an assault, and her, the said Maud Wilson, then and there feloniously did carnally know. Contrary to the statute in such case made and provided, and against the peace and dignity of the state of Washington.

"Dated at Seattle, Washington, this 25th day of February, A. D. 1910."

The prosecution was under subdivision 3 of § 2753, Rem. & Bal. Code. Appellant contends the trial judge erred in directing his trial under this section, which he insists has been repealed by the enactment of our present criminal code, Laws 1909, chap. 249, page 890; Rem. & Bal. Code, § 2253 *et seq.* There is no merit in this contention. Under repeated holdings of this court he was properly tried under

Rem. & Bal. Code, § 2753, which was the statute in force at the date of the crime charged. *State v. Hanover*, 55 Wash. 408, 104 Pac. 624; *In re Newcomb*, 56 Wash. 395, 105 Pac. 1042; *State v. Newcomb*, 58 Wash. 414, 109 Pac. 355; *State v. Lorenzy*, 59 Wash. 308, 109 Pac. 1064.

Complaint is made of error alleged to have been committed in a portion of the instructions, and in the giving of an oral instruction while ruling on the admissibility of evidence, which oral instruction was not thereafter incorporated in the formal written instructions. This assignment cannot be considered. The record neither includes the written instructions, nor does it disclose any exceptions taken by appellant.

The state announced its election to rely for conviction upon an act of intercourse claimed to have occurred on December 5, 1908. Appellant insists the evidence was insufficient, his controlling contention being that the testimony of the prosecuting witness, Maud Wilson, as to the particular act selected by the state was not sufficiently supported or corroborated by other evidence. Under our statute her testimony must be corroborated. She testified that, on December 5, 1908, when she was temporarily employed at a private residence of one Brandt in the city of Seattle, appellant called there for her, took her to a store on Seventh and Pike streets, and purchased her a new coat; that wrapping her old one in a paper, she carried the package in her hands, that they then proceeded to a corner drug store where appellant left her while he went to a lodging house near by and secured a room; that he returned and took her from the drug store to the lodging house; that the landlady objected to their occupying the same room; that appellant, who was then about forty-six years of age, said the prosecuting witness was his daughter, and that he could not afford to pay for two rooms; that the landlady placed a lounge for the prosecuting witness in the room, which was already furnished with a bed; that appellant and the prosecuting witness occupied the room that night and had sexual intercourse, and that next morning ap-

pellant took her to a near-by restaurant for breakfast. Mr. Brandt testified that he recognized the prosecuting witness as having lived at his home for about a week, that he remembered the incident of a man calling there, but that he could not positively identify the defendant as that man. Officer Adams, a detective of the Seattle police department, testified that he had known appellant for a number of years; that he saw him with the prosecuting witness at the corner drug store, not far from the lodging house, on the evening mentioned; that he observed her while she was waiting alone, and noticed her having a package; that he saw appellant take her away; that he supposed she was appellant's daughter; and that he could fix the time by reason of a recent violent death as to which he was then seeking information. The landlady testified to the incident of a man calling at her place at the time mentioned. She said he engaged the room, and shortly thereafter returned with a young girl; that she objected. to them occupying the same room; that he claimed the girl was his daughter; that she put a lounge in the room for the girl; that they occupied the room that night; that although not positive, she thought the appellant was the same man; and that by reason of some subsequent interview, not stated, which had occurred between her and the prosecuting witness, she was of the opinion she was the girl, although she could not so testify. A waitress in the near-by restaurant testified she saw appellant and the prosecuting witness taking breakfast together the next morning.

Appellant insists the evidence of the landlady was incompetent and improperly admitted, as she did not positively identify the girl, and that she should not have been permitted to state her opinion as to the identity of appellant. Her evidence thus stating her opinion was competent. *State v. Murphy*, 15 Wash. 98, 45 Pac. 729.

"The evidence on the question of the identity of the prisoner is permitted to take a broad range. Any fact which shows the acquaintance and familiarity of the witness testifying to

the identity of defendant is admissible. The identification by the witness need not be positive and certain, but it is enough for him to testify that he believes or has an impression that the accused is the person he saw commit the crime. 12 Cyc. 392.

See, also, *Craig v. State*, 171 Ind. 317, 86 N. E. 397.

The landlady did not testify that she could identify the girl, but did say she thought the appellant was the man who engaged the room, although not positive. Her account of the incident that had occurred with a man and girl as previously narrated by the prosecuting witness, coupled with the statement of her opinion that appellant was the man, although she was not positive, was admissible, the jury being the judges of the credibility and weight of her evidence. The evidence of these various witnesses and the circumstances stated by them were sufficient corroboration of the prosecuting witness to warrant a conviction. It might be further stated that the prosecuting witness also testified to other criminal acts of the appellant, several of which occurred in the city of Tacoma. As to one instance, a Tacoma hotel clerk testified that appellant had registered himself and the prosecuting witness as father and daughter; that they had occupied the same room, and that he recognized and identified them.

One witness for the state had testified at some length before it was discovered that he had not been sworn. When the prosecuting attorney called attention to this omission, the trial judge immediately withdrew his evidence from the jury. The witness was thereupon sworn and repeated his statements. The appellant moved the court to withdraw the case from the jury, to discharge the jury, and to call another to try the cause, and now insists that the trial judge erred in denying these motions, and in permitting the witness to again testify after being sworn. We find no merit in this contention. The evidence repeated under oath, after the witness had been duly sworn, was substantially the same

as that previously given, and we fail to see that the appellant was prejudiced. In *Southern R. Co. v. Ellis*, 123 Ga. 614, 51 S. E. 594, the third syllabus prepared by the court reads as follows:

"Where, by inadvertence a witness was not sworn before giving testimony in regard to the case on trial, upon the discovery of such fact pending the trial there was no error in permitting him to be recalled to the stand and sworn and allowed to testify as a witness."

In *Slauter v. Whitelock*, 12 Ind. 338, it was held that, if a mistake in not having a witness sworn is discovered before the jury retired, it may be corrected by swearing the witness and rehearing his testimony, or the jury may be instructed to disregard his statements. Both of these methods of procedure were adopted by the trial judge in this cause, which certainly afforded the appellant every protection to which he was entitled.

After an examination of the entire record, and a careful consideration of all points presented and urged by the appellant, we are unable to conclude that any prejudicial error has been committed. The appellant has been awarded a fair trial, has been ably and skillfully defended, and the verdict of the jury must stand.

The judgment is affirmed.

DUNBAR, C. J., CHADWICK, and MORRIS, JJ., concur.