[Crim. No. 414. First Appellate District.—October 18, 1912.]

THE PEOPLE, Respondent, v. JOHN PETER, Appellant.

CRIMINAL LAW—ASSAULT WITH INTENT TO MURDER—FAILURE OF TRIAL WITHIN SIXTY DAYS—CONSENT TO CONTINUANCES—PROPER DENIAL OF MOTION TO DISMISS.—A defendant charged with an assault with intent to commit murder, who was not brought to trial within the sixty days prescribed by section 1382 of the Penal Code, cannot maintain a motion to dismiss the information because of a delay of seventy-eight days after the filing of the information, where the record shows that he consented to thirty-five days continuances out of said seventy-eight days leaving only an unexplained delay of forty-three days.

ID.—CONTINUANCES NOT OBJECTED TO—PRESUMPTION OF CONSENT UPON APPEAL.—Where the record on appeal does not show that further continuances were objected to by the defendant, or were ordered without his consent, it will be presumed upon appeal that he consented to them.

ID.—REBUTTAL EVIDENCE—WAIVER OF OBJECTION.—It is held that evidence offered in rebuttal was properly admitted as such; but that, conceding it inadmissible, the defendant, having failed to object to it upon that ground at the time it was offered, cannot be heard to complain thereof upon appeal.

ID.—SUPPORT OF VERDICT—ABSENCE OF ERROR.—It is held that the evidence is sufficient to support the verdict of guilty of the crime charged, and that no error appears in the record.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial. Frank H. Dunne, Judge.

The facts are stated in the opinion of the court.

S. L. Mash, for Appellant.

U. S. Webb, Attorney-General, and John H. Riordan, for Respondent.

KERRIGAN, J.—The defendant was charged with and convicted of the crime of assault with intent to commit murder. The appeal is from the judgment and from an order denying his motion for a new trial.

The defendant asserts that the trial court erred in not granting his motion to dismiss the case, on the ground that the defendant was not brought to trial within the time prescribed by section 1382 of the Penal Code. The information was filed on April 12, 1912, and various continuances were had up to June 29th, when the motion to dismiss was made. As to some of such continuances the minutes of the court fail to show that defendant objected to them, or that they were ordered without his consent; they will therefore be presumed on appeal to have been consented to by him. (*People* v. *Douglass,* 100 Cal. 1, [34 Pac. 490] ; *People* v. *Ebanks,* 117 Cal. 652, [40 L. R. A. 269, 49 Pac. 1049].) Even if this were not true, defendant's point would still be without merit, for the record shows that he consented to all of the continuances, commencing with May 17th; in other words, he consented to thirty-five days out of the seventy-eight days' delay.

It clearly appears that the court had not lost jurisdiction of the case, and properly refused to dismiss the same. (*People* v. *Benc,* 130 Cal. 159, [62 Pac. 404].)

Defendant assigns the admission of certain evidence as error on the ground that it was not proper rebuttal evidence. We think it was correctly admitted as such; but even if it were not, the defendant having failed to object to it upon that ground at the time it was offered, he cannot now be heard to complain.

The evidence was amply sufficient to sustain the verdict, and we find nothing in the court's charge to the jury warranting defendant's claim that the law was erroneously laid down therein.

The judgment and order are affirmed.

Hall, J., and Lennon, P. J., concurred.