[Civ. No. 3885. First Appellate District, Division One.—May 26, 1921.]

EDMUND MURPHY, Petitioner, v. THE SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO and LOUIS H. WARD, Judge, etc., Respondents.

[1] CRIMINAL LAW—TIME OF TRIAL—EXPIRATION OF SIXTY-DAY PERIOD —WHEN INSUFFICIENT GROUND FOR DISMISSAL.—A defendant is not entitled to have pending criminal actions dismissed on the ground that they were not brought to trial within sixty days after the finding of the indictments, where the court was engaged practically all of such sixty-day period in the trial of other criminal cases, many of which had precedence over those against the defendant.

APPLICATION for a Writ of Mandate to compel the dismissal of criminal actions. Louis H. Ward, Judge. Denied.

The facts are stated in the opinion of the court.

Ernest B. D. Spagnoli and William F. Herron for Petitioner.

Matthew Brady and Leo. R. Friedman for Respondents.

KERRIGAN, J.—This is an application for a writ of mandate to compel the superior court of the city and county of San Francisco to dismiss a number of criminal actions pending therein in which the petitioner in this proceeding is the defendant, on the ground that said actions were not brought to trial within sixty days after the finding of the indictments against the defendant.

The federal constitution and also that of this state provide that in all criminal prosecutions the accused shall enjoy the right to a speedy and public trial, and the Penal Code of this state also contains a provision (sec. 1382, subd. 2) that "the court, unless good cause to the contrary is shown, must order the prosecution to be dismissed. . . . (2) If a defendant, whose trial has not been postponed upon his application, is not brought to trial within sixty days after the finding of the indictment or filing of the information."

From the record herein it appears that in the month of December, 1920, six indictments for felony were found against the petitioner; that upon one of them he was tried and convicted in said superior court in the latter part of December, 1920, in consequence of which he is now serving a sentence of from one to fifty years. No trial has yet been had upon any of the remaining charges; but it is not seriously claimed that the sixty days within which the petitioner was entitled to be tried commenced to run until the seventeenth day of January, 1921. At that date, over the objection of petitioner, the court set the date upon which he should enter his plea to each of the pending indictments, to wit, March 12, 1921. [1] The petition herein was filed April 15, 1921; and while more than sixty days have elapsed since January 17th, still we think the petitioner is not entitled to have said indictments against him dismissed, for it appears from the return herein that the respondent was engaged practically all of the time between the finding of said indictments and March 25th in the trial of other causes, many of which had precedence over those in which the petitioner is defendant. The averment in the affidavit of the respondent in this behalf is as follows:

"That from the said 17th day of January, 1921, to and including said 12th day of March, 1921, there was no open day upon the calendar of said court upon which said petitioner could have been tried upon any one of said indictments, for the reason that there had prior to said 17th day of January, 1921, been set for trial 46 criminal actions wherein said defendants had entered their pleas and said actions had been duly and regularly set for days certain for trial, which days extended from said 17th day of January, 1921, to and beyond said 12th day of March, 1921; that each and all of said 46 actions were of importance and it was necessary in the interests of justice that said actions be forthwith tried. That of said 46 actions 30 thereof had been pending in said court a period longer than that of any of the aforesaid indictments against said petitioner. That even though petitioner had been brought into court and allowed to plead to said indictments such action could not have expedited his trial upon any of said indictments, nor could he have been tried upon any of said indictments prior to said 12th day of March, 1921."

Under the circumstances narrated the petitioner was not entitled to have the indictments pending against him dismissed. (*People* v. *Vasalo*, 120 Cal. 168, [52 Pac. 305]; *People* v. *Peter*, 20 Cal. App. 151, [128 Pac. 415].)

In its return the court has accounted for the delay up to the twenty-fifth day of March, 1921, the date when the motion to dismiss was made, and the petitioner has made no later motion to dismiss. It follows that the petition should be denied, and it is so ordered.

Waste, P. J., and Richards, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on June 24, 1921.