[Crim. No. 1141. Third Appellate District.—December 24, 1930.]

THE PEOPLE, Respondent, v. LEONARD DUFFY et al., Appellants.

Gilford G. Rowland and Robert P. Cahen for Appellants.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

MR. PRESIDING JUSTICE FINCH Delivered the Opinion of the Court.—This is an appeal by the defendants from judgments of conviction of the crime of robbery of the second degree. The appellants contend that they were not brought to a speedy trial within the meaning of section 1382 of the Penal Code.

The information was filed June 12, 1930. On June 20th, both defendants entered pleas of not guilty and the cause was set down to be tried June 30th. On that day both defendants changed their pleas from not guilty to guilty and asked the court to admit them to probation. The court referred their applications to the probation officer with direction to make an investigation and to report thereon on July 11th. On the latter day the probation officer made an adverse report and the defendants were permitted to change their pleas from guilty to not guilty and the cause was continued to July 14th to be then set for trial. On July 14th, by consent of the defendants, their trial was set for July 17th. On the latter date, with the consent of the defendants, the cause was continued to August 1st to be then reset for trial. On August 1st, by consent of both parties, the trial was set for August 7th and on that date, by consent of the parties, a continuance was granted to August 11th, at which time the cause was to be reset for trial. On August 11th defendants' counsel made a motion for a dismissal of the cause and on the denial of the motion, the defendants waived a jury trial. Thereupon, at the same session the court suggested August 15th as the day for trial. Counsel for defendants said: "The quicker it would be tried the better"; the court then said: "Well, I think we can set it for the 14th"; counsel for the defendants replied: "That will be satisfactory." On August 14th counsel for defendants moved for a dismissal on the ground that the defendants had not been brought to trial within sixty days after the filing of the information. On July 17th the district attorney asked for a continuance on the ground of his inability to find the prosecuting witness, saying he

would have had such witness present if he had known that the pleas were to be changed from guilty to not guilty, and further stating that, "the complaining witness stayed in town three weeks for the purpose of attending this trial. After the plea of guilty on the part of these defendants, he had reason to believe the case was over and therefore he left town". Counsel for the defendants said: "The fault is not with the district attorney, . . . and under the circumstances, I would not oppose a continuance and giving the district attorney's office a reasonable opportunity to find their witness."

When the cause was called on August 7th the district attorney stated that he had been unable to locate the complaining witness; that "we held the complaining witness here for a period of . . . nearly three weeks. He was a man who at the time worked for the Piggly-Wiggly stores . . . he was fired from the Piggly-Wiggly stores and left . . . without giving any notice or any forwarding address . . . I told him myself he didn't need to wait around here because there had been a plea of guilty; we told him we were through with him"; that the district attorney began trying to locate the witness on July 11th, the day on which the defendants changed their pleas from guilty to not guilty and that the witness had been gone about a week at that time.

Section 1382 of the Penal Code provides: "The court, unless good cause to the contrary be shown, must order the prosecution to be dismissed in the following cases: . . . 2. If a defendant, whose trial has not been postponed upon his application, is not brought to trial within sixty days after the finding of the indictment, or filing of the information."

█ In this case it appears that good cause was shown for continuing the case beyond the period of sixty days. The defendants were given the opportunity of being tried on June 30th, but by changing their pleas from not guilty to guilty and then on July 11th changing their pleas from guilty to not guilty, they, themselves, caused a long delay in bringing the case to trial and prevented the district attorney from holding the prosecuting witness. █ It is a sufficient answer to a motion to dismiss a criminal case on the ground of not being brought to trial within sixty days to

show that there was good cause for the delay. (*People* v. *Clayton*, 89 Cal. App. 405 [264 Pac. 1105]; *People* v. *Grace*, 88 Cal. App. 222 [263 Pac. 306]; *People* v. *Brock*, 87 Cal. App. 601 [262 Pac. 369, 263 Pac. 544]; *Murphy* v. *Superior Court*, 53 Cal. App. 6 [200 Pac. 483].)

The prosecuting witness is a man named Rogers. His testimony given at the preliminary examination was read in evidence at the trial, as was also that of another witness named Quinn. Appellants contend that the admission of such testimony is erroneous for the reason that there was an insufficient showing of diligence in finding Rogers, that there was no showing whatever for the admission of the transcript of Quinn's testimony, and that the transcript was not properly authenticated. At the beginning of the trial the district attorney said: "The court is well aware of the fact that we have not been able to produce Rogers here, he having left this vicinity, and for that reason the People are going to offer the transcript of the record of the preliminary hearing, and for that reason I wish to be sworn and— Mr. Green: To which production we desire to object on the grounds that the district attorney has not laid a sufficient foundation to enable them to introduce the record of the preliminary examination, and on the further ground it is incompetent, irrelevant and immaterial. The Court: Well, he was about to make a further showing at this time." ▇ This objection having been made before any attempt to lay a foundation for the introduction in evidence of the transcript was premature and cannot be given any effect. The district attorney thereupon testified to facts showing due diligence in his effort to find Rogers and he was cross-examined at length by counsel for the defendants.

▇ The record does not show that the district attorney was sworn as a witness and the appellants contend for that reason that no consideration can be given his testimony. In a note to *State* v. *Morrow*, (63 Wash. 297, 115 Pac. 161), Ann. Cas. 1912D, pages 570, 572, it is said: "It is generally held that where a witness testifies without having been sworn the verdict will be set aside if the error is not discovered until after the verdict. . . . Where, however, a witness is permitted to testify without having been previously sworn and that fact is known at the time, the

defect must be taken advantage of at once and a failure to do so is such acquiescence in the testimony as will preclude objection after verdict.'' In addition to the cases cited in support of this statement, the following are in point: *Rhodes* v. *State,* 122 Ga. 568 [50 S. E. 361]; *State* v. *Melancon,* 163 La. 435 [112 South. 37]; *Karakutza* v. *State,* 163 Wis. 293 [156 N. W. 965]; *Moore* v. *State,* 96 Tenn. 209 [33 S. W. 1046]; *Barnes* v. *State,* 61 Tex. Crim. 37 [133 S. W. 887].

The transcript does not show that Rogers was sworn and appellants contend that therefore it was error to admit the transcript of his testimony. In the absence of any objection made on this ground at the trial, it will be presumed that such witnesses were duly sworn. (*People* v. *Fisher,* 223 N. Y. 459 [119 N. E. 845].) The only objection which appellants made to the introduction of the transcript at the preliminary examination is as follows: ''We don't object to the introduction of the part of the transcript relating to the testimony of the . . . complaining witness himself, but so far as the testimony of any one of the defendants that might appear there we object to that on the grounds that the district attorney is endeavoring to make these witnesses—the defendants a witness against themselves.''

It appears from the record therefore that the testimony given by Rogers and Quinn at the preliminary examination was admitted in evidence without objection. The appellants, having failed to object at the trial to the transcript of the evidence taken at the preliminary examination on the ground that it was not properly authenticated, must be held to have waived such objection, because if the objection had been made at that time the district attorney could doubtless have supplied the necessary proof.

It must be conceded that the case of the People was not carefully presented, but it does not appear that the irregularities of which appellants complain constitute prejudicial error.

It is urged for a reversal that there was no evidence that the crime was committed in Sacramento County. The prosecuting witness testified that while riding in his automobile he met the defendants about at 4th and L Streets, in the city of Sacramento; that the defendant Thompson

"got in front of the car at the crossing and I slowed down . . . one fellow got into the back seat and he got in front, I drove them across the bridge (the bridge across the Sacramento river, which is the dividing line between Sacramento and Yolo counties) . . . they just said to drive across, you see; when they told me to stop the car . . . Thompson, he says, 'You know what this means' and they took me out of the car and he hit me a knock at first and then went through my pockets and took my coat off . . . the other man came out second and he says, 'Let's give him the works' and the other fellow says 'No, he hasn't got much money, we got his car so let's beat it' . . . I had about $2.50, that is all''. The defendants drove the automobile of the prosecuting witness to the town of Vallejo, where they were arrested. The foregoing testimony is amply sufficient to show the commission of the crime in the county of Sacramento, it being a natural inference from the testimony of the prosecuting witness that the defendants stopped such witness at 4th and L Streets with the intent of robbing him and taking his automobile.

Appellants seem to contend that it was error to admit in evidence their testimony given at the preliminary examination. It is deemed sufficient to say that such evidence, like any other admissions made by the defendants, was admissible in evidence against them.

Enough has been said to show that there is no merit in the appellants' contention "that the judgment is contrary to the evidence and the evidence is not sufficient to justify the judgment''.

The judgments against both defendants are affirmed.

A petition for a rehearing of this cause was denied by the District Court of Appeal on January 8, 1931, and a petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 22, 1931.