[Civ. No. 3357. Fourth Dist. May 28, 1945.]

MARTHA HOLLANDER, Appellant, v. DANIEL M. DENTON, Respondent.

Wm. J. M. Heinz and Dockweiler & Dockweiler for Appellant.

Lindley & Higgins for Respondent.

GRIFFIN, J.—Action for damages for the lowering of the grade of a street.

Plaintiff was the owner of the beneficial interest in four lots in "Overlook Heights" in San Diego. These lots border on a public street known as Dorcas Street (formerly Elenor Street) which furnishes access to plaintiff's property. The complaint alleges that defendant, on June 20, 1941, without legal authority, and without plaintiff's consent, negligently lowered, approximately two feet, the curb and street grade and destroyed the pavement and concrete curb of Dorcas Street in front of said lots, to plaintiff's damage in the sum of $3,000.

On February 5, 1940, defendant acquired 10.92 acres of land for subdivision purposes opposite Overlook Heights. Plaintiff had done certain improvements to the streets in Overlook Heights addition and was selling lots in that tract. On April 9, 1940, the City Council of San Diego adopted a resolution approving defendant's proposed subdivision "Dorcas Knoll." Defendant applied to the City Planning Commission for permission to lower the grade of Dorcas Street. Plaintiff was notified of a hearing on the matter and not only mailed a protest thereto but was present and objected to such proceedings.

Defendant answered plaintiff's complaint, denied generally the allegations thereof and by way of defense alleged that on

June 18, 1940, the city council passed Ordinance No. 1873, New Series, establishing the grade of Dorcas Street; that on August 20, 1940, the city council, by Resolution No. 72059, granted permission to defendant to grade a portion of that street by private contract at his own expense to the official grade in accordance with a plat prepared by the city engineer; that on April 16, 1941, defendant was notified to complete the improvement by May 15, 1941; that pursuant thereto, defendant employed a contractor to do the work and bring the grade of Dorcas Street to the grade required by the ordinance; that said work was done in a workmanlike manner and in accordance with the grade and plans specified and adopted by the city council, and with the consent and approval of plaintiff.

The trial court found generally in accordance with the defense interposed by defendant; that no official grade had been established for Dorcas Street prior to June 18, 1940; that on that date the official grade was established by the city council by Ordinance No. 1873, New Series; that defendant did the work in accordance with the plans and specifications prepared by the city engineer under the supervision of the Department of Public Works; that on completion it was accepted by the city; that the amount involved in grading said street was less than $1,000; that in grading the street a section of the concrete curb, which was not on the grade, was removed and certain gas and water pipes which were not in service were removed; that the natural elevation of said street where it abuts plaintiff's lots was lowered approximately two feet. Judgment went for defendant and plaintiff appealed.

Plaintiff now argues that defendant failed to prove his affirmative defense, i. e., the passage, publication and existence of the legal requisites authorizing the lowering of the grade of Dorcas Street.

Defendant offered and there was received in evidence over objections a copy of the several resolutions above referred to as well as a copy of Ordinance No. 1873, New Series, all of which were certified to by the city clerk as true and correct copies of the resolutions and ordinance "as adopted by the Council of said City."

It is urged by plaintiff that defendant failed to prove the passage and publication of Ordinance No. 1873, New Series,

as provided by law and by the city charter. This is the principal point involved on this appeal.

Section 17 of the charter provides "WHEN ORDINANCES AND RESOLUTIONS TAKE EFFECT . . . EMERGENCY MEASURES. Ordinances making the annual tax levy and the annual appropriations ordinances and emergency measures, shall take effect at the time indicated therein. All other ordinances passed by the council shall take effect at the time indicated therein, but not less than 30 days from the date of their passage. . . .

"Resolutions shall become effective immediately upon their passage, unless otherwise stated therein."

Section 18 provides that "within ten days after final passage each ordinance or resolution *of a general nature* shall be published at least once in such manner as may be provided by this charter or by ordinance." Section 20 provides that the city council shall cause to be printed in book form all ordinances *"of a general nature* in force at the time of such publication" and when so published shall be received in all courts as prima facie evidence of due passage and publication.

It is argued that the ordinance involved was one *"of a general nature"* and was therefore required to be published; that since said ordinance was not published in book form or otherwise, and since the certificate of the City Clerk did not show that the ordinance was published, it therefore should be assumed "that the council abandoned the passage" of it, and that the resolutions or ordinances adopted without publication were void, citing *San Francisco* v. *Buckman,* 111 Cal. 25 [43 P. 396]; and *City of Napa* v. *Easterby,* 61 Cal. 509.

The provisions of section 20 of the city charter in reference to the publication of ordinances of a general nature at least once in each two years in a book of ordinances is merely directory. The ordinance here involved, according to the certified copy, was passed and adopted on June 18, 1940, and was ordered to take effect thirty-one days thereafter. It sets forth the ordinance in full and shows the necessary signatures thereto, together with the names of the councilmen voting for and against its adoption. The resolutions, under the charter, were effective immediately on passage. Unlike the cases relied upon by plaintiff, the effective date did not depend upon the fact of publication. We are satisfied that the defendant met,

at least by prima facie evidence, the burden placed upon him of justifying the act done, under the authority of the city, by introducing into evidence a duly certified copy of the ordinance establishing the grade, which set forth the fact of its adoption, and its effective date, together with a certified copy of the resolutions showing that they were, on the date specified, "adopted by the City Council." (*Merced County* v. *Fleming,* 111 Cal. 46 [43 P. 392]; *People* v. *Baldwin,* 117 Cal. 244 [49 P. 186]; Code Civ. Proc., § 1918, subd. 5; *People* v. *Zimmerman,* 11 Cal.App. 115, 119 [104 P. 590]; Code Civ. Proc., § 1963, subd. 15.)

The ordinance and resolutions were therefore, on their face, valid without publication. The burden of proof of want of publication under the circumstances here related, rested upon the one who denied the validity of the ordinance. (*Brougher* v. *Board of Public Works,* 107 Cal.App. 15 [290 P. 140].) It has been repeatedly held by the courts of this state, that the publication of an ordinance, or resolutions of the character here involved, is not a prerequisite to their taking effect unless the provisions of the charter or some other applicable law definitely makes such publication a prerequisite to their effectiveness. (*Pacific P. Assn.* v. *Huntington Beach,* 196 Cal. 211, 221 [237 P. 538, 40 A.L.R. 782]; *Gay* v. *Engebretsen,* 158 Cal. 21, 26 [109 P. 876, 139 Am.St.Rep. 67]; *City of Sacramento* v. *Dillman,* 102 Cal. 107, 111 [36 P. 385]; McQuillin Municipal Corporations (2d Series), vol. 2, § 734, pp. 809-813.)

The evidence supports the finding that the improvement was done with legal authority in accordance with the plans and specifications of the city, under its direction, and to the grade specified in the ordinance.

It is next contended that in receiving the ordinance into evidence the trial court limited the purpose for which said ordinance might be considered. When the ordinance was offered in evidence the court stated: "I will admit the ordinance. As I see it, the ordinance has some evidentiary value as to the propriety of the work that was done, in view of the testimony." We do not construe the statement of the court as being a limitation upon the purpose for which the ordinance might be received so as to preclude its being considered to establish the authority of the defendant to proceed with the

work in accordance with the grade therein established. The finding that the plaintiff is not entitled to recover damages is fully supported by the evidence.

Judgment affirmed.

Barnard, P. J., and Marks, J., concurred.

A petition for a rehearing was denied June 26, 1945, and appellant's petition for a hearing by the Supreme Court was denied July 26, 1945.