93 Cal.App.2d Supp. 871 (1949)
THE PEOPLE, Respondent,
v.
T. T. CRITTENDEN, Appellant.
California Court of Appeals. 
Aug. 5, 1949.
 T. T. Crittenden, in pro. per., for Appellant.
 J. F. DuPaul, City Attorney, and C. H. Augustine, Deputy City Attorney, for Respondent.
 BURCH, J.
 The defendant is a practicing attorney in good standing at this bar. During the year 1948, in compliance with ordinance No. 3432 (New Series) of the city of San Diego, adopted January 14, 1947, the defendant paid the fee for procuring a license to engage in the general practice of law in the city of San Diego. During the year 1949, the defendant, while still engaged in the practice of law in the city of San Diego, refused to comply with the license requirement of the ordinance.
 A criminal complaint was filed against defendant on January 28, 1949, charging he "did unlawfully engage in a trade, calling, occupation or profession as an independent contractor without first obtaining a license therefor from the city of San Diego."
 The record on appeal further shows that on said date of January 28, 1949, defendant waived the time to plead; that defendant plead not guilty; that defendant waived a jury [93 Cal.App.2d Supp. 873] trial, and the case was put upon the setting calendar for March 2, 1949; that defendant was thereupon released on his own recognizance. On the latter date, the case was called on the setting calendar and the trial set for April 6, 1949. Defendant, on April 6, 1949, waived a jury trial in open court and moved to dismiss the complaint upon the ground that he had not had a speedy trial guaranteed to him by the Constitution of the state. His motion was denied, the trial proceeded, and the court found the defendant guilty of the charge. The time for sentence was set for April 11, 1949. Defendant then appeared and moved for a dismissal on the ground that he had been denied a speedy trial. The motion again was denied, and defendant was sentenced to pay a fine.
 [1] The record is devoid of any showing, other than has been indicated so far in this opinion, that the defendant was denied a speedy trial. Moreover, in the proposed statement on appeal prepared and presented by the defendant, there is no suggestion whatever that when the case was called on March 2, 1949, defendant made any objection whatever to the trial date set, April 6, 1949.
 It is the contention of the defendant, as regards this phase of the case, that his motions for dismissal made at the time of trial and again at the time set for pronouncement of judgment should have been granted, and that the failure to grant them was a denial of his constitutional right under section 13, article I, of the Constitution of California.
 "Section 13 of article I of the Constitution of California provides in part as follows: 'In criminal prosecutions, in any court whatever, the party accused shall have the right to a speedy and public trial.' This provision of the Constitution is self-executing. (In re Alpine, 203 Cal. 731 [265 P. 947, 58 A.L.R. 1500]; In re Begerow, 133 Cal. 349 [65 P. 828, 85 Am.St.Rep. 178, 56 L.R.A. 513].) It reflects the letter and spirit of the following provision of the federal Constitution to the same effect: 'In all criminal prosecutions the accused shall enjoy the right to a speedy and public trial. ...' (U.S. Const., art. VI, sec. 1.) This is a fundamental right granted to the accused and has been the policy of the law since the time of the promulgation of Magna Charta and the Habeas Corpus Act. (In re Begerow, supra.)" (Harris v. Municipal Court, 209 Cal. 55, at pp. 60, 61 [285 P. 699].)
 On page 64 of the above quoted case it is said that "... incarceration is not essential to the operation of the constitutional guaranty." [93 Cal.App.2d Supp. 874]
 In the case of People v. Molinari, 23 Cal.App.2d Supp. 761 [67 P.2d 767], the court held that the defendant's constitutional right to a speedy trial was properly raised through a continuance to a date beyond the statutory period of 30 days where the defendant at the time it was so continued properly raised the question by his objection to the continuance. The significance of the Molinari case, supra, for present purposes is that the record affirmatively shows that the continuance, at the time it was made, was properly objected to by the defendant. This contrasts with the record here. There is nothing to indicate that the defendant made any objections to the time of setting. It seems to be well settled in the law that under those circumstances the constitutional right has not been denied the defendant. (People v. Douglass, 100 Cal. 1 [34 P. 490]; People v. Peter, 20 Cal.App. 151 [128 P. 415]; People v. Magee, 60 Cal.App. 459 [213 P. 513]; In re Scott, 81 Cal.App. 577 [254 P. 596]; People v. Rongo, 169 Cal. 71 [145 P. 1017]; People v. Kristy, 4 Cal.2d 504 [50 P.2d 798].)
 In People v. Kristy, supra, the court says, at page 510:
 "There is nothing whatever in the record to justify the statement that defendants were out of sight of the jury or beyond hearing of the proceedings even if, as now claimed, they were not actually within the courtroom. It affirmatively appears that in these proceedings appellants were adequately represented by counsel. They should not be permitted now to raise the objection, based upon their absence from the courtroom, without presenting a record sufficient to prove that fact."
 In People v. Rongo, supra, the court says at page 73:
 "He [the defendant] was arraigned October 14, and the time to plead was continued to October 16, 1912, on which day he pleaded not guilty and the case was set for trial December 17, 1912. So far as the record shows there was no objection made by defendant, on October 16, to setting the case for trial on December 17, although that date was beyond the sixty-day limit. Consent will, therefore, be presumed."
 In People v. Douglass, supra, the court says at page 3:
 "The bill of exceptions is entirely silent as to the orders postponing the trial and refusing to dismiss the prosecution, and there is nothing in the transcript in regard to those orders, except the record entries made by the clerk of the court below. ... And the rule is that, in the absence of any showing as to what took place when the order was made, the appellate court will presume in support of the action of the court below [93 Cal.App.2d Supp. 875] that the defendant assented to the order. (People v. Swafford, 65 Cal. 223 [3 P. 809].) It will also be observed that it does not appear from the second entry that good cause for denying the motion was not shown."
 "Conceding then, as held in People v. Morino, 85 Cal. 515 [4 P. 892], that the burden was upon the prosecution to show good cause for holding the defendant without trial for a longer time than that named in the statute, and that in the absence of such showing the court had no discretion in the matter, but was imperatively required to grant the defendant's motion, still the rule is settled "by decisions of this court, found in nearly every volume of our reports, that on appeal all intendments are in favor of the regularity of the action of the court below, and that error will never be presumed, but must affirmatively appear.
 "Under this rule it was incumbent upon the defendant, if he claimed error, to set out in his bill of exceptions the facts showing it. As he wholly failed to do this, his first contention cannot be sustained."
 The Douglass case, supra, is found interesting for the concurring opinion of Judge DeHaven. We quote from the last sentence of his opinion: "... the remedy for a defendant whose motion for a dismissal has been improperly denied is an application for a writ of habeas corpus before judgment of conviction."
 [2] In presenting this contention the defendant relies upon the self-executing constitutional provision (art. I, 13), for there is no statute directed to a municipal court trial which defines what would be a "speedy" trial. (People v. Molinari, 23 Cal.App.2d Supp. 761, supra; Harris v. Municipal Court, 209 Cal. 55, supra.) It has been held that the accumulation of business in the court and the condition of the calendar make a difference (Murphy v. Superior Court, 53 Cal.App. 6 [200 P. 483]; People v. Holmes, 13 Cal.App. 212 [109 P. 489]; People v. Rongo, 169 Cal. 71 [145 P. 1017]; People v. Vasalo, 120 Cal. 168 [52 P. 305]); that the prosecution, acting with due diligence, will be granted a reasonable time within which to prepare the case for trial (People v. Molinari, 23 Cal.App.2d Supp. 761, supra) and that obstruction by the defendant by conduct of vacillation (People v. Duffy, 110 Cal.App. 631 [294 P. 496]) or fraudulent conduct on his part (In re Gere, 64 Cal.App. 418 [221 P. 689]) furnish good cause for extending the time of trial. [93 Cal.App.2d Supp. 876]
 We have shown that the question of whether defendant was accorded a speedy trial must be determined from the record on appeal; that there is nothing in that record which discloses that an earlier trial was possible by reason of the state of the calendar, or for some other good and sufficient cause, and in this state of the case we are bound to hold in accordance with the presumption that the proceedings in this respect were regular and proper.
 [3] Defendant makes the further contention that section 20 of the city charter was not complied with by the city. That section provides that the city shall publish its ordinances of a general nature in book form "at least once in two years," and also that when so published any such ordinance may be admitted in the courts without further proof of its "due passage and publication." Again the record is devoid of any showing that this ordinance was not so published by the city. Defendant introduced no evidence whatever at the trial. It was held in Hollander v. Denton, 69 Cal.App.2d 348 [159 P.2d 86], that in a proper case the defendant would have to prove nonpublication; that this section is directory only, and where the existence of an ordinance is otherwise sufficiently proved, its admission in evidence is proper.
 We find nothing in Stockton Plumbing & Supply Co. v. Wheeler, 68 Cal.App. 592 [229 P. 1020], cited by the defendant, which militates in any way against the holding in Hollander v. Denton, supra. Nor are we able to understand the application of anything said in that case to the question before us here. The case simply holds that the use of the word "may" in a city charter is not a permissive word with regard to contracts which are void because they contravene stated public policy. The public policy in question there was that which forbade a councilman in his official capacity from being a party to a contract with himself in his private business capacity.
 [4] Not only has the charter section before us been interpreted in the Hollander case contrary to the contention of the defendant, but it seems obvious that an ordinance enacted with all the formalities required by law does not cease to be an ordinance by the mere fact that the city council may fail at some future date to perform an official duty. If this be true, even though the provisions of section 20 of the charter of the city of San Diego were held to be mandatory, a decision which we are not called upon to make here, publication every [93 Cal.App.2d Supp. 877] two years would not be necessary to the validity of the particular ordinance before us.
 It is further suggested upon the part of defendant that the record on appeal affirmatively shows that there was no testimony before the trial court that ordinance No. 3432 (New Series) was in operation as a valid existing ordinance on the date of January 28, 1949, when defendant was charged with its violation. It was not directly testified at the trial that the ordinance had not been repealed and was operative on that date.
 [5] In the instant case, the original ordinance was produced in court and identified as such by the city officer whose duty included the custody of such as a city ordinance. We are aware of no sound reason or rule why the municipal court in its trial or appellate departments should not notice the controlling law of its jurisdiction. Municipal courts take notice of ordinances which are the law of the forum. (Ex parte Hansen, 158 Cal. 494 [111 P. 528]; Ex parte Davis, 115 Cal. 445 [47 P. 258]; 31 C.J.S., Evidence, 27, p. 542; Wigmore on Evidence, 2572. Note: Greif v. Dullea, 66 Cal.App.2d 986 [153 P.2d 581].)
 An ordinance is to a municipality what a state law is to the state. The trial court properly admitted the ordinance in evidence, in our view. The subject matter of the ordinance in question is within the power and authority of the council under the charter.
 Therefore, we conclude that the record on appeal discloses no error and that defendant was properly convicted.
 The judgment is affirmed.
 Turrentine, P. J., and Glen, J., concurred.